MELVIN, WOODROW M., Associate Judge.
The Appellant, Charles R. Roberts, the Defendant below, has perfected this Appeal from the sentence imposed upon him by Judge Richard H. Cooper, Judge of the Criminal Court of Record of Orange Coun *878 ty, Florida, in each of the above numbered cases.
The history of the cases began with the filing of informations against Charles R. Roberts by Honorable Richard H. Cooper, County Solicitor of Orange County, Florida, prosecuting for the State of Florida in the Criminal Court of Record of said County, charging the defendant with two offenses of breaking and entering with intent to commit a misdemeanor. The defendant, on November 6, 1957, entered his plea of guilty as charged in each information. He was thereupon, on November 27, 1957, adjudged to be guilty of said offenses and was placed on probation for a period of four years by Judge W. M. Murphy, Presiding Judge of said Court. Thereafter, the Honorable Richard H. Cooper became a judge of the Criminal Court of Record of Orange County, Florida. The record then reflects that on March 15, 1961, a warrant was issued by Judge Cooper for the arrest of the defendant for alleged violation of the provisions of the probation order. Thereafter, the Order of revocation was reversed by the Supreme Court, and the cause was remanded for further proceeding. See State ex rel. Roberts v. Cochran, Fla., 140 So.2d 597.
Following a hearing on the issue of parole violation Judge Cooper, by Order of date May 2, 1962, revoked the probation and imposed indeterminate sentences upon the defendant. Upon appeal, the cause was remanded for the imposition of a proper sentence. Roberts v. State, Fla.App., 154 So. 2d 695. Thereafter, on July 18, 1963, the defendant for the first time filed his suggestion alleging the disqualification of Judge Cooper upon the ground that the said Judge was the same person who, as County Solicitor, had filed the informations in behalf of the State of Florida against the defendant. The suggestion was considered and denied by Judge Cooper on July 18, 1963, as reflected by the certificate of the Clerk of said Court. The said Judge thereupon sentenced the defendant to imprisonment in the State prison for a period of eighteen months. The defendant assigns as error the Order of Judge Cooper denying the suggestion of his disqualification.
A Judge who, prior to Commission to Judicial Office, appeared as counsel of record in a suit is disqualified to serve as Judge in such litigation. This is also the rule, even though some other member of the law firm handled the case and the Judge had no personal knowledge concerning it. The disqualification of the Judge exists independent of any Statute. See Tampa St. Ry. & Power Co. v. Tampa Suburban R. Co., 30 Fla. 595, 11 So. 562, 17 L.R.A. 681; State ex rel. Ambler v. Hocker, 34 Fla. 25, 15 So. 581, 25 L.R.A. 114; and 18 Fla.Jur., Judges, Sec. 53. This principle is based upon the maxim that no man should be a Judge in his own lawsuit.
No doubt the volume of litigation instituted by the office of County Solicitor of Orange County was such that Judge Cooper had no recollection of having interviewed the State’s witnesses and filed the informations against the defendant Roberts. However, upon the filing of suggestion of disqualification by the defendant, it thereupon became the duty of Judge Cooper to recognize his disqualification as a matter of law regardless of whether his official act in filing the prosecution as attorney for the State of Florida was within the span of his memory.
When leadfooted justice has reached the end of its long trail, and imposition of sentence is to be pronounced, the interest of justice requires that the Presiding Judge shall not be former counsel for the defense nor for the prosecution, as the case may be.
The learned Judge was in error in denying suggestion of disqualification. The sentences imposed are Vacated, and the cause is remanded with directions that the Appellant be sentenced according to law.
SHANNON, Acting C. J., and FANNER, J. (Ret.), concur.