■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT CORELLI, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered February 10, 1972, convicting him of criminal usury (10 counts) and conspiracy in the third degree, after a nonjury trial, and sentencing him to a prison term of not more than three years on each of the 10 criminal usury convictions and to a term of one year in the Suffolk County Jail on the conspiracy conviction, all the sentences to run concurrently. Judgment reversed, on the law, and new trial ordered. The findings of fact have not been considered. The Acting County Judge in this case permitted defendant to waive his right to a jury trial and then proceeded to try the case, although he knew at the time that as an Assistant District Attorney he had presented another case involving this defendant to a Grand Jury. That fact was unknown to defendant at the time he asked to be tried by the court without a jury and was only learned by him when the nature of the questions asked of him by the trial court revealed the latter's familiarity with his (defendant's) past. In denying the motion that he disqualify himself because of his prior prosecution of this very defendant, the trial court revealed still another reason why, in all fairness, he should not have become a trier of the facts in this case. He said, " So far as Corelli [defendant] is concerned, I daresay there aren't many Judges in this County who do any criminal work that don't know a little bit about Corelli's background." A juror who knew what this Trial Judge knew about defendant and his "background" would have been subject to exclusion for cause. The Judge, as the sole trier of the facts, suffered from a like disqualification. Under the circumstances here present, in our opinion, the Judge should not have undertaken to try defendant without a jury. Knowing defendant's "background" and having himself acted as a prosecutor of the defendant, in accepting the jury waiver he should have sent the case to trial before another Judge even if he believed he could be entirely impartial, for appearance of bias or prejudice can be as damaging to public confidence in the administration of justice as the actual presence of bias or prejudice (Orfield, Recusation of Federal Judges, 17 Buffalo L. Rev. 799; American Bar Assn. Project on Standards for Criminal Justice, The Function of the Trial Judge, p. 34, § 1.7). However guilty the defendant in this case may be — and however reprehensible his "background"—he was entitled to be judged by a tribunal free of any possible bias. He was not accorded that right in this case. Rabin, P. J., Hopkins and Shapiro, JJ., concur; Munder and Latham, JJ., dissent and vote to affirm.