447 So.2d 383 (1984)
William Michael THOMPSON, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.
No. 82-508.
District Court of Appeal of Florida, Fourth District.
March 14, 1984.
*384 William Michael Thompson, pro se petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for respondent.
HERSEY, Judge.
Thompson was found guilty of violating the terms of his probation. Failing to file a timely Notice of Appeal he petitioned for a writ of habeas corpus which we have granted for a belated appeal on the authority of Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967), cert. denied, 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882 (1968), and Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970). The public defender appointed to prosecute the appeal filed a motion to withdraw accompanied by a brief confessing no error pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
We determined that most of appellant's points on appeal either had not been preserved for review or lacked substantive merit. However appellant also raised the issue of ineffective assistance of trial counsel, an issue not cognizable upon direct appeal. State v. Barber, 301 So.2d 7 (Fla. 1974). We relinquished jurisdiction and directed the public defender to assist in the preparation and processing of appellant's motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, and the trial court ultimately denied the motion after hearing. Thus we have for determination the correctness of the trial court's ruling on the issue of ineffective assistance of trial counsel as well as the question of whether appellant received appropriate credit against his five year sentence for time spent incarcerated as a result of the accusation of violation of the terms of probation. The trial court did not entertain the latter issue.
Appellant originally was placed on probation as a result of a charge of grand theft. Subsequently he was charged with attempted murder. He was charged with a violation of his probation for this same act and spent seven months in jail. Upon being acquitted of the charge of attempted murder he was simultaneously found not guilty of violating the terms of his probation. At that time Judge Ferris allegedly told appellant that if he should ever come back for so much as spitting on the sidewalk he would get five years in Raiford.
On November 4, 1981, appellant was again charged with violation of a term of his probation as a result of trespassing on property alleged to be owned by his former spouse. At the first hearing held on November 12, 1981, Judge Ferris stated, "Well, we meet again, Mr. Thomas... . I can remember my words to you." Appellant stated "I can also." Judge Ferris then proceeded to appoint the public defender to represent appellant and set the final hearing for November 25, 1981. Sometime between November 4 and 25 the public defender withdrew and attorney L.C. Roberts became appellant's privately retained attorney. Mr. Roberts testified at the hearing on appellant's motion for post-conviction relief that appellant told him that Judge Ferris had warned appellant after the acquittal *385 of the attempted murder charge not to get in any further trouble because the judge would not be disposed to be lenient. Appellant asked Roberts to move to recuse Judge Ferris. Roberts did not, basing his decision on what he believed were appellant's best interests in not questioning "the integrity of or the veracity of" the judge, and his belief that appellant's reason was not legally sufficient. Appellant trusted Roberts because he had been a judge and was familiar with judges' feelings when presented with a motion to recuse.
At the close of the final hearing on the violation of probation Judge Ferris stated that his conscience was satisfied that appellant had violated the condition of probation to remain at liberty without violating the law by unlawfully entering his ex-wife's house at 3:15 a.m. when he was not invited. Appellant was adjudicated guilty of the offense of grand theft and sentenced to 5 years imprisonment with credit for the 19 days served "as a result of this violation." At the hearing on appellant's motion for post-conviction relief before another judge appellant's counsel argued that Judge Ferris showed a "sentencing predisposition towards Mr. Thompson, which in essence is a violation of Mr. Thompson's due process rights to a fair and impartial trial."
Even assuming that appellant would have been entitled to have Judge Ferris recuse himself on the basis of predisposition evidenced by the judge's remarks (doubtful here because the key element is the subjective impression which the movant reasonably forms because of words or deeds of the trial court, Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981)), it does not necessarily follow that counsel's decision not to seek recusal simply because it is available automatically affords a basis for later attack on counsel's competency under the standards formalized in Knight v. State, 394 So.2d 997 (Fla. 1981), which are applicable to privately retained counsel as well as public defenders. Vagner v. Wainwright, 398 So.2d 448 (Fla. 1981). The elements which the Knight court enumerated are:
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel... .
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error. This requirement that a defendant has the burden to show prejudice is the rule in the majority of other jurisdictions.
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact. This opportunity to rebut applies even if a constitutional violation has been established. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); DeCoster III.

394 So.2d at 1001.
Application must be on a case by case basis and all relevant factors must be taken into account. Where, as here, trial counsel takes a reasonable but calculated risk based upon one or more strategic grounds he is not ipso facto incompetent simply because the end results of the trial are unsatisfactory to the client. Appellate courts will not use hindsight to second guess counsel's strategy, and as long as it was reasonably effective based on the totality of the circumstances, it will not be faulted. Songer v. State, 419 So.2d 1044 (Fla. 1982). As indicated earlier, in our *386 view the evidence presented at the revocation hearing was sufficient to support the finding and the sentence was within legal limits. Thus appellant fails to meet the burden imposed upon a defendant by Knight's third prong and we affirm the denial of his motion for post-conviction relief.
Lastly appellant argues that he should have received credit for time spent in jail on the attempted murder charge of violation of probation. Although he was entitled to post a bond on the attempted murder charge under Article I, § 14, Florida Constitution (1981), appellant was detained based on the consequent probation violation charge. We agree that appellant should be given credit for jail time served while awaiting a hearing on the attempted murder charge since that charge resulted in incarceration for an alleged violation of probation.
Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974) prohibits jail time credit being pyramided by giving credit on each sentence for the full time the defendant spends in jail awaiting disposition of numerous charges or cases. However, when a defendant is arrested and placed in jail while on probation or parole, he is entitled to credit for time served on his original charge once his probation or parole is revoked and credit for time served on the charge which prompted the revocation. Voulo v. Wainwright, 290 So.2d 58 (Fla. 1974); Gordon v. State, 379 So.2d 1022 (Fla. 1st DCA 1980). See Bruner v. State, 398 So.2d 1005 (Fla. 1st DCA 1981). Although the attempted murder charge did not prompt the revocation of appellant's probation, a defendant is entitled to all jail time served on warrants charging violation of probation. Calhoun v. State, 403 So.2d 1082 (Fla. 1st DCA 1981); Grandison v. State, 428 So.2d 258 (Fla. 1st DCA 1982). Appellant has never been given this credit.
Since a defendant has "a fundamental right to receive credit for the time served in jail applied against the sentence imposed upon his conviction," Narron v. State, 425 So.2d 660, 660 (Fla. 4th DCA 1983), appellant's sentence must be reversed and this cause remanded with directions that an order be entered granting appellant credit for jail time served on the attempted murder charge of violation of probation.
REVERSED and REMANDED.
LETTS and WALDEN, JJ., concur.