654 So.2d 1004 (1995)
Lloyd DUEST, Petitioner,
v.
Hon. Barry E. GOLDSTEIN, Circuit Judge, Seventeenth Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 95-0101.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Rehearing/Clarification Denied June 16, 1995.
Carlos M. Llorente, Plantation, and Martin McClain, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent.
WARNER, Judge.
Petitioner, the defendant in the criminal case below, seeks a writ of prohibition to disqualify the trial judge from presiding over his resentencing after reversal of his death sentence by the Florida Supreme Court. While he makes several statements regarding the judge in his affidavit supporting disqualification, we find one dispositive. The petitioner stated that the trial judge, a former assistant state attorney, assisted the state attorney who prosecuted petitioner in his original trial. While the assistance appears to be minor (delivery of a document to the trial attorney during the proceedings), it clearly aligned the judge with the state's interest in this particular defendant's case. Moreover, at the time of petitioner's conviction the trial judge was the supervising state attorney of the division in which petitioner was tried.
The facts asserted in support of a motion for disqualification must be reasonably sufficient to create a well-founded fear of judicial prejudice. Fischer v. Knuck, 497 So.2d 240, 242 (Fla. 1986). We hold that the foregoing facts are sufficient to create such a fear. First, according to the affidavit, the trial judge actually assisted in the trial of defendant. Canon 3(C) of the Code of Judicial Conduct states:
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
... (b) he served as a lawyer in the matter in controversy ...
Not only did the trial judge participate in the proceeding against petitioner, but he was a supervisor at the time the state sought the death penalty in this case, and as supervisor one can infer that he approved or at least concurred in that decision.
In a death penalty case, the question of judicial bias is of particular importance, since the judge will be called upon to make what is literally a life-or-death decision. Chastine v. Broome, 629 So.2d 293, 294 (Fla. 4th DCA *1005 1993) (citing Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983)). To leave that decision to a judge who assisted in securing the death sentence in petitioner's first trial seems to us to create more than a reasonable fear of bias on the part of the judge.
The petition is granted. We withhold issuance of the writ, trusting that the judge will recuse himself from further proceedings in accordance with this opinion.
DELL, C.J., and GLICKSTEIN, J., concur.