708 So.2d 656 (1998)
Donald T. GOINES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1573.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
*657 Richard Joseph Saliba of Wayne R. McDonough P.A., Vero Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
This is the third appeal in this proceeding under rule 3.850 for post conviction relief.[1] Defendant's pro se motion under rule 3.850 alleged numerous grounds. Originally the motion was summarily denied by the trial court. In Goines v. State, 632 So.2d 292 (Fla. 4th DCA 1994), we reversed and remanded for an evidentiary hearing or attachment of record excerpts on defendant's claim of ineffective assistance of counsel. On remand, the judge who presided at trial held an evidentiary hearing but refused a continuance so that defendant could obtain counsel. At the close of that hearing, the trial court entered an order denying the motion. We then reversed that decision, remanding to consider whether he was indigent for the purpose of appointment of counsel. Goines v. State, 670 So.2d 1201 (Fla. 4th DCA 1996). On remand a different judge conducted this hearing, at which defendant was represented by counsel, and entered an order denying any relief under rule 3.850. The present appeal followed in due course.
The issue we address today deals with the failure of original trial counsel to move for the disqualification of the trial judge who presided over the case when defendant was convicted. The following facts are disclosed by the record. In 1985 when Judge Wild was employed by the State Attorney's Office he prosecuted defendant for the sale of narcotics, and that prosecution resulted in a conviction. At the hearing on the rule 3.850 motion, defendant offered into evidence a certified copy of the Information filed by Joe Wild and signed by him as the prosecutor in the 1985 case. In the latest prosecution, the current state attorney gave notice of an intent to seek enhanced punishment under the habitual felony offender (HFO) statute, based in part on the conviction resulting from the prosecution by the future Judge Wild.
This circumstance led defendant to fear that the former prosecutor, now his trial judge, would be biased against him in the current criminal trial. During pretrial proceedings on the new charge of sale of cocaine, defendant personally drafted a hand written motion to have Judge Wild disqualified from presiding over the case.[2] Defendant testified that he gave the original disqualification motion to his original trial attorney and asked him to file it. At a later docket call in this new case, defendant raised his motion for disqualification with the trial judge, but Judge Wild appeared not to be familiar with it, and thus defendant concluded that his lawyer had failed to file the motion. At that docket call, defendant asked for a new attorney, stating that he was dissatisfied with the representation, pointing to counsel's failure to follow through on the disqualification:
"DEFENDANT: Well I put in a motion when I was first (inaudible) to get you off my case because you were my state prosecutor in 1985. He didn't put it in to present it to the Court. He ain't looking out for my best interests.
"COURT: In 1985?

*658 "DEFENDANT: Yes, sir. You was my State Prosecutor.
"COURT: You're saying you put something in the file? There's nothing in the file?
"DEFENDANT: Mr. Whitton [trial counsel] got it, he should have it.
"COURT: Okay. Well, that doesn't have anything to do with your attorney."[3]
According to defendant, his trial counsel was standing next to him during this exchange.
Trial counsel testified that he had no recollection of ever seeing defendant's hand written motion for disqualification and could not locate his case file. He acknowledged that he was present and heard the allegation that defendant had made at the docket call regarding his grounds for fearing bias on the part of the trial judge. He said that he did not follow up on the motion for disqualification. He also testified that recusal in the circumstances presented is "virtually automatic" where a good faith basis is pleaded, and that he would have filed defendant's motion for disqualification if he had been aware of it.
Defendant admitted at the rule 3.850 hearing that the original trial judge did not sentence him to the 30-year, maximum HFO sentence requested by the state, and conceded that he then qualified for HFO sentencing. His actual sentence was 15 years, while his codefendant received the 30 year maximum.
The order denying relief on the disqualification issue does not make any specific finding as to whether trial counsel rendered ineffective assistance by failing to move for disqualification. The trial court denied relief because defendant failed to demonstrate prejudice, i.e., that the outcome of the proceedings would have been different if the motion had been filed. The issue is whether original trial counsel rendered ineffective assistance in failing to present and argue the motion for disqualification of the trial judge.
In Steinhorst v. State, 636 So.2d 498 (Fla. 1994), the court considered a claim raised for the first time in a rule 3.850 motion that the judge who had presided over the defendant's murder case had a conflict caused by his prior involvement as a private attorney in rendering advice about a tort claim that could have been brought by the victim's estate. The court concluded that if there was evidence to support that allegation "such evidence would present grave due process concerns." 636 So.2d at 500. The court emphasized that "proceedings involving criminal charges, and especially the death penalty, must both be and appear to be fundamentally fair." 636 So.2d at 500-01. Consequently, we must decide whether counsel's performance in failing to argue the issue was constitutionally deficient within the holding in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
Defendant cites People v. Corelli, 343 N.Y.S.2d 555, 41 A.D.2d 939 (1973), holding that if the motion had been filed by trial counsel disqualification would have been required. There, as here, the trial judge had been the prosecutor in the defendant's earlier case. The court reversed the conviction and ordered a new trial. We note that in Corelli the defendant waived jury trial and that the trial judge acted as finder of fact. Here, defendant was tried by a jury, but was subject to HFO sentencing by the judge, and one of the predicate convictions to be used for an HFO sentence was the prior conviction obtained by this trial judge when he was a prosecutor.
Under Florida decisions, the mere fact that the trial judge had once been employed by the State Attorney would not itself have required disqualification. Chastine v. Broome, 629 So.2d 293, 295 (Fla. 4th DCA 1993) (disqualifying the judge on other grounds). It is also clear that if the judge had any prior involvement with the pending criminal charges, disqualification would have been necessary. Fla.Code Jud. Conduct, Canon 3(E)(1)(b); see also Steinhorst, 636 So.2d 498 (judge disqualified who rendered advice on a civil matter relating to the same crime); Duest v. Goldstein, 654 So.2d 1004 *659 (Fla. 4th DCA 1995) (trial judge who assisted state attorney prosecuting petitioner in original trial disqualified from presiding over resentencing); Roberts v. State, 161 So.2d 877 (Fla. 2d DCA 1964) (as matter of law disqualification required where trial judge had been County Solicitor who filed information in same case).
Disqualification is ordinarily required in any situation where the facts are reasonably sufficient to create a well-founded fear in the mind of the moving party that he will not receive a fair trial. Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986). In MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990), and Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983), the court has made clear that the legal sufficiency of a motion to disqualify a trial judge turns on whether "the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." 565 So.2d at 1335, 441 So.2d at 1087. Further in Michaud-Berger v. Hurley, 607 So.2d 441, 446 (Fla. 4th DCA 1992), we held that the facts underlying the well-grounded fear must be judged from the perspective of the moving party.
We have only recently granted prohibition to disqualify a trial judge under the identical ground raised in this case. In W.I. v. State, 696 So.2d 457 (Fla. 4th DCA 1997), the trial judge had previously prosecuted the same defendant, although more recently than in the present case. In finding this ground sufficient to require disqualification, we said:
"While the fact that the presiding judge prosecuted petitioner in a previous case does not present a direct conflict of interest, it does support petitioner's claim of a well founded fear that he will not receive a fair trial before this judge. Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Fla.R.Jud.Admin. 2.160(d); section 38.10, Fla. Stat. (1995)."
696 So.2d at 458.[4]
In Duest, the trial judge had previously assisted in prosecuting the same defendant while the judge was formerly employed in the state attorney's office. As Judge Warner wrote for this court:
"We hold that the foregoing facts are sufficient to create such a fear. First, according to the affidavit, the trial judge actually assisted in the trial of defendant. Canon 3(C) of the Code of Judicial Conduct states:
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where... (b) he served as a lawyer in the matter in controversy ....
Not only did the trial judge participate in the proceeding against petitioner, but he was a supervisor at the time the state sought the death penalty in this case, and as supervisor one can infer that he approved or at least concurred in that decision.
In a death penalty case, the question of judicial bias is of particular importance, since the judge will be called upon to make what is literally a life-or-death decision. Chastine v. Broome, 629 So.2d 293, 294 (Fla. 4th DCA 1993) (citing Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). To leave that decision to a judge who assisted in securing the death sentence in petitioner's first trial seems to us to create more than a reasonable fear of bias on the part of the judge."
654 So.2d at 1004-05.
In this case, defendant's fear was that the attorney who had six years earlier prosecuted him on drug charges would now preside over his current criminal casealso involving drug charges. Moreover, if the jury should find him guilty this same person would be the one who would sentence him. The state had clearly stated its intention to seek HFO sentencing if a conviction resulted, and it is obvious that in deciding whether to impose a HFO sentence for the current offense *660 the sentencing judge would be considering the facts and circumstances surrounding the previous conviction he had helped to obtain. Although a HFO sentence is not, of course, the equivalent of the death penalty, the consequences of HFO sentencing are amply grave to the one so sentenced. We therefore deem it important in this case. On these facts, therefore, we think a prudent defendant would have a reasonable fear that he might not receive a fair trial or sentencing. We thus conclude that if counsel had filed a proper motion, disqualification would have been required.
We do not end our inquiry at this point, however, because the issue has arisen in the context of a post conviction proceeding claiming ineffective assistance of counsel. In Thompson v. Wainwright, 447 So.2d 383, 385 (Fla. 4th DCA 1984), we explained that even if disqualification would have been required, it does not necessarily follow that counsel's decision not to seek recusal "automatically affords a basis for later attack on counsel's competency." In order to prevail on such a claim under Strickland, defendant must show not only that counsel's performance was deficient, but that the deficient performance prejudiced the defense in some meaningful way.
In Thompson,[5] defense counsel explained that he did not believe that the motion for disqualification would have been successful, so he made a strategic choice not to offend the judge by filing a legally insufficient motion. We were understandably reluctant to second guess an avowed tactical decision by trial counsel. Here, however, counsel made clear that the failure to move for disqualification was not a tactical decision, but was instead the result of a lack of memory of the filing of the motion by his client. We conclude that in the absence of a reasonable tactical decision not to do so, it constitutes ineffective assistance not to seek disqualification on the grounds revealed in this case, which plainly show a reasonable fear of judicial bias.
Strickland holds that the defendant must establish that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687, 104 S.Ct. at 2064. Florida courts have treated "prejudice" as a showing that the outcome of the proceeding would have been different without counsel's error. See, e.g., Rose v. State, 675 So.2d 567, 570 (Fla.1996) (finding that defendant failed to demonstrate "the probability of a different outcome based on the alleged deficiencies"). But in Lockhart v. Fretwell, 506 U.S. 364, 373, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) the United States Supreme Court noted that the two standards are not necessarily the same:
"In Strickland, we identified the two components to any ineffective assistance claim: (1) deficient performance and (2) prejudice. Under our decisions, a criminal defendant alleging prejudice must show `that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052[, at 2064], 80 L.Ed.2d 674; see also Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574[, 2582], 91 L.Ed.2d 305 (1986) (`The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect').... Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." [c.o.]
506 U.S. at 368-69, 113 S.Ct. at 842. Lockhart states that the prejudice component of Strickland is concerned with whether counsel's deficient performance "renders the result of the trial unreliable or the proceeding fundamentally unfair."[6] 506 U.S. at 372, 113 S.Ct. at 844. As we noted earlier, the Florida Supreme Court has held that trial before *661 a judge whose impartiality may reasonably be questioned "would present grave due process concerns," because "proceedings involving criminal charges ... must both be and appear to be fundamentally fair." Steinhorst, 636 So.2d at 500-01. We therefore conclude that defendant has satisfied that part of Lockhart defining prejudice as a showing that counsel's error rendered the trial fundamentally unfairin this case because of the appearance and risk of judicial bias.
The state argues that while defendant contends that the discretionary decisions of the judge during the trial and at sentencing might have been affected, he has not demonstrated that the outcome at sentencing would have been different if another judge had been assigned to the case. As we have just seen, Lockhart rejects a reliance on mere outcome as the test for prejudice. We also note that when a legally sufficient basis for judicial disqualification has been shown the law ordinarily does not require that the party seeking disqualification still show that the result would be different before an impartial judge.
The primary evil in having a judge whose impartiality might reasonably be questioned is not in the actual results of that judge's decision making. Rather it is the intolerable appearance of unfairness that such a circumstance imposes on the system of justice. Public acceptance of judicial decision making turns on popular trust in judges as neutral magistrates. The judicial system fails to present a plausible basis for respect when a judge's impartiality can reasonably be questioned.
We therefore reverse with instructions to afford defendant a new trial before a different judge.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] Appellant was convicted of the sale of cocaine and sentenced to a prison term of 15 years as a habitual offender. This court affirmed his conviction without opinion. On appeal, the only issue raised was the sufficiency of the factual findings that supported the habitual offender classification.
[2] The motion was notarized by a jail employee, and the notary authenticated a copy of the motion which was then entered into evidence.
[3] The tape recording of the docket call was played at the rule 3.850 hearing, and a transcript of it was admitted as a defense exhibit.
[4] The interval between the prosecution and the judicial role is greater in the present case than in W.I.; there the period could be measured in months, while here the time is nearly six years. We do recognize that the duration could be so great that an inference of bias might not necessarily be reasonable. Here, however, the span is not so large that we can confidently say that the appearance of impartiality is unimpaired.
[5] Thompson applied the ineffective assistance test established in Knight v. State, 394 So.2d 997 (Fla. 1981), which was issued before the United States Supreme Court opinion in Strickland. In Mikenas v. State, 460 So.2d 359, 362 (Fla. 1984), the court explained that, "[t]he test set forth in [Strickland] does not `differ significantly' with the test espoused by this Court in [Knight]."
[6] The Court disapproved an analysis of prejudice that focuses on the outcome of the criminal case. As the Court said:

"Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."
506 U.S. at 369-70, 113 S.Ct. at 842-43.