PER CURIAM.
The petitioner filed a motion to disqualify pursuant to Florida Rule of Judicial Administration 2.160. The motion meets the requirements of the rule. See Duest v. Goldstein, 654 So.2d 1004, 1004 (Fla. 4th DCA 1995) (trial judge, a former assistant state attorney, assisted state attorney who prosecuted petitioner in his original trial; further, at the time of petitioner’s conviction, trial judge was the supervising state attorney of the division in which petitioner was tried); see also Goines v. State, 708 So.2d 656, 658-59 (Fla. 4th DCA 1998) (mere fact that trial judge had once been employed by the state attorney would not in itself have required disqualification, but disqualification is required if judge had any prior involvement with the pending criminal charges). Accordingly, we grant the petition for writ of prohibition. Because we are confident that the trial judge will promptly comply with this court’s opinion, we withhold formal issuance of the writ.
PETITION GRANTED.
THOMPSON, C.J., GRIFFIN, and PALMER, JJ., concur.