839 So.2d 847 (2003)
Nakia THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-482.
District Court of Appeal of Florida, Fourth District.
March 5, 2003.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and August A. Bonavita, Assistant *848 Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges the trial court's order denying him postconviction relief where his counsel conceded his guilt of the charged offense in both opening and closing statements. We conclude that counsel did no more than admit appellant's conduct to which he himself testified. Therefore, we affirm the court order denying relief.
Appellant was convicted of lewd and lascivious or indecent act upon a child for having sexual intercourse, at age eighteen, with his thirteen year old girlfriend. His taped confession to the investigating officer was played at trial, and he testified in his own defense, against the advice of counsel, that he committed the lewd and lascivious act. During opening statement his counsel told the jury:
The defense will show simply by way of cross examination primarily that these two people did, in fact, have sex. The question is, and the jury has to decide, and we think the evidence will show that it is of such that you should find him guilty, but I think that after you've heard the evidence, you will not.
In closing, counsel again admitted the evidence showed appellant had sexual intercourse with a minor but suggested to the jury that this was not the type of act which the legislature intended to punish as a crime. Counsel asked the jury to find appellant not guilty. On appeal, this court affirmed appellant's conviction without prejudice to appellant raising the issue of consent to the attorney's admission of guilt in postconviction proceedings where the tactical decision and communications of the attorney with her client could be explored. See Thompson v. State, 731 So.2d 168, 168 (Fla. 4th DCA 1999).
Appellant filed a motion for postconviction relief alleging counsel was ineffective for conceding his guilt in both opening and closing statements, and other grounds of ineffectiveness not raised in this appeal. After an evidentiary hearing, the trial court concluded that while the attorney, who was dealing with overwhelming evidence of her client's conduct, admitted the defendant had sex with the victim, she did not admit his guilt. In both her opening and closing arguments, the attorney argued appellant's conduct was not a crime and asked the jury to find him not guilty.
Appellant contends that this case is controlled by Nixon v. Singletary, 758 So.2d 618, 624-25 (Fla.2000), in which the court held that because counsel's concession of defendant's guilt to the charged offense to the jury is the functional equivalent of a guilty plea, a defendant must affirmatively and explicitly accept counsel's strategy before making such argument. The court further determined that in such cases, counsel's conduct amounts to per se ineffective assistance of counsel, and prejudice will be presumed. See id.; see also United States v. Cronic, 466 U.S. 648, 660-63, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).
In Nixon, however, trial counsel told the jury in closing argument that "the [s]tate has proved beyond a reasonable doubt each and every element of the crimes charged, first-degree premeditated murder, kidnaping, robbery, and arson." 758 So.2d at 620. Moreover, Nixon had absented himself from the courtroom and did not testify at his trial. In contrast, having to counter his own client's admission that he had sex with a thirteen year old girl, trial counsel admitted the sexual act but urged the jury to consider whether it was a crime and whether it was "wicked, lustful." This argument specifically challenged the state's proof. Unlike the lawyer in Nixon, appellant's counsel never told the jury the state had proven, beyond a reasonable doubt, all the elements of the *849 crime, and she requested a verdict of not guilty.
The Nixon court quoted Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in which the Supreme Court stated, "a plea of guilty is more than a confession ...; it is itself a conviction." 758 So.2d at 624 (emphasis added). Here, the trial attorney did no more than admit the conduct to which her client testified and confessed. This was not tantamount to a plea of guilty. Therefore, Nixon is distinguishable.
We agree with the trial court that counsel's conduct did not amount to ineffective assistance of counsel. We therefore affirm the order denying postconviction relief.
AFFIRMED.
FARMER and KLEIN, JJ., concur.