866 So.2d 1251 (2004)
Shannetta M. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4826.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
Shannetta M. Davis, Lowell, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's summary denial of Davis's rule 3.850 motion for post-conviction relief.
Davis's primary claim is that counsel was ineffective for conceding her guilt during opening and closing statements. Davis cites to the following opening comments by her attorney:
Just the fact that Shannetta had alcohol in her system and was involved in an accident does not mean she is guilty of DUI manslaughter. It does make her guilty of DUI.

* * *
You will find Shannetta guilty of DUI and you will find Shannetta guilty of *1252 giving a false name but we're confident that you will find her not guilty of DUI manslaughter.
Davis's attorney also stated, "we are not contesting that Shannetta Davis had alcohol in her system on that early morning. We are not contesting that she gave a false name. What we are contesting is that she is at fault for that accident and you as jurors have a very difficult job to do [determining causation]."
Similarly, in closing arguments, Davis's attorney gave statements again, making a strong pitch for a not guilty verdict on DUI manslaughter based on the lack of causation or blame for the accident.
The supreme court has recently addressed the issue of ineffective assistance of counsel when an attorney makes admissions of guilt during opening or closing. See Harvey v. State, 28 Fla. L. Weekly S513, ___ So.2d ___, 2003 WL 21511339 (Fla. July 3, 2003). There, the court noted that the first step is to "decide whether [defendant's] trial counsel `entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing.'" Id. (quoting in part United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (Fla.1984)). In Harvey, the attorney admitted to the murders as well as to planning the murders, effectively conceding first-degree murder and rendering Harvey's "not guilty plea a nullity." Id.
Here, Davis admitted having several drinks prior to the accident and giving a false name after the accident. As such, her attorney did not concede DUI manslaughter, but simply acknowledged various undisputed acts of the accused. Thus, these admissions did not render Davis's not guilty plea to DUI manslaughter a nullity so as to give a presumption of ineffective assistance of counsel, as required by Harvey.
The admissions by Davis's attorney are more analogous to those made where defense counsel concedes guilt on a lesser-included offense, rather than the charged offense. See, e.g., State v. Williams, 797 So.2d 1235, 1240 (Fla.2001)(explaining "in the present case, counsel did not concede his client's guilt to the crime charged. Rather, counsel in effect told the jury, `If you believe my client's version of events, then you must find him not guilty; if you do not believe him, then he is still not guilty of first-degree murder, but only of a lesser-included offense.'"). In recognizing this distinction, the Williams court relied on our decision in Harris v. State, 768 So.2d 1179 (Fla. 4th DCA 2000).
In Harris, we recognized that the Strickland[1] standard precludes relief for failure to demonstrate prejudice where counsel admits only to a lesser-included offense and the overwhelming evidence, which supported the facts, results in a determination that "it is not reasonably likely that the result of appellant's trial would have been any different." Id. at 1183; see also Thompson v. State, 839 So.2d 847, 849 (Fla. 4th DCA 2003)(explaining "[h]ere, the trial attorney did no more than admit the conduct to which her client testified and confessed. This was not tantamount to a plea of guilty."). Accordingly, we conclude that Davis is not entitled to relief on her claim.
As to the sentencing issue raised, we also find no error.
STONE, POLEN and STEVENSON, JJ., concur.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).