884 So.2d 146 (2004)
Jireh Randall KLEPPINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3486.
District Court of Appeal of Florida, Second District.
July 21, 2004.
*147 Michael V. Giordano, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Jireh Randall Kleppinger appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Kleppinger raised eight grounds for relief. We affirm without comment as to five of the grounds and reverse and remand as to three of them.
Kleppinger was convicted after a jury trial of attempted second-degree murder, escape, kidnapping, and depriving an officer of means of communication or protection. *148 His convictions and sentences were affirmed on appeal. Kleppinger v. State, 779 So.2d 472 (Fla. 2d DCA 2000).
In ground one of Kleppinger's rule 3.850 motion, he alleges that counsel was ineffective for failing to advise him of possible sentences he faced if he proceeded to trial. Kleppinger states that he would have accepted the State's plea offer if he had been properly advised. Therefore, he states a prima facie claim of ineffective assistance of counsel, alleging both deficiency and prejudice. See Aebi v. State, 842 So.2d 888, 889 (Fla. 2d DCA 2003). The trial court denied this claim because Kleppinger did not allege that counsel gave him inaccurate advice. This conclusion fails to recognize that no advice at all is just as useless as inaccurate advice. A defendant is inherently prejudiced by his inability, due to his counsel's neglect, to make an informed decision whether to plea bargain. Cottle v. State, 733 So.2d 963 (Fla.1999). Since the trial court did not attach portions of the record that refute Kleppinger's claim, we reverse and remand for the court either to attach record portions refuting the claim or to conduct an evidentiary hearing.
In ground four of Kleppinger's motion, he alleges counsel was ineffective for failing to obtain his consent prior to conceding guilt to the escape offense. "[W]hen counsel concedes guilt to a charged offense without his client's consent, counsel is presumed ineffective, and a defendant seeking relief through a rule 3.850 motion need not establish prejudice." Harvey v. State, 28 Fla. L. Weekly S513, 2003 WL 21511339, ___ So.2d ___ (Fla. July 3, 2003) (citing United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)); Hinton v. State, 854 So.2d 254, 255 (Fla. 5th DCA 2003). This presumption of ineffectiveness applies only to the narrow situation in which a concession "entirely fails to subject the prosecution's case to meaningful adversarial testing." Harvey, 28 Fla. L. Weekly S513, ___ So.2d ___ (emphasis omitted). Thus, an ineffective assistance claim based on conceding a charged offense focuses on two issues: (1) whether counsel conceded a charged offense so as to render the not guilty plea a nullity and (2) whether the defendant consented to the concession.
Kleppinger's attorney admitted that he conceded the escape charge as part of his defense strategy. Therefore, the key issue is whether Kleppinger consented to the concession. The trial court heard testimony about the issue of consent at the evidentiary hearing on Kleppinger's rule 3.850 motion. Counsel testified that he discussed his strategy with Kleppinger before trial, and Kleppinger agreed. Kleppinger testified that he did not consent to the concession and that he objected to his counsel's concession of escape before trial. The trial transcript supports Kleppinger's assertion that he made a general objection to his counsel's strategy before trial began.[1] After hearing this testimony at the evidentiary hearing, the trial court failed to make a factual finding on the issue of consent. Instead, the court incorrectly denied relief based on lack of prejudice. However, ineffectiveness is presumed if Kleppinger did not consent to the concession. Prejudice is not an issue. Thus, a factual finding on the issue of consent is necessary, and we reverse for a factual finding.[2]
*149 In ground seven of his motion, Kleppinger alleges that his counsel was ineffective for not filing a motion to disqualify the trial judge. This ground was denied without an evidentiary hearing, based on the trial court's determination that Kleppinger's fear of bias was subjective.
A disqualification issue in the context of an ineffective assistance claim requires a defendant to allege both deficiency and prejudice. Goines v. State, 708 So.2d 656, 660 (Fla. 4th DCA 1998). The finding of prejudice turns on whether disqualification would have been required, not on whether the outcome of a new trial would have been different. Id. at 660. Disqualification is ordinarily required in any situation in which "the facts are reasonably sufficient to create a well-founded fear in the mind of the moving party that he will not receive a fair trial." Id. at 659. A legally sufficient motion to disqualify must demonstrate "`some actual bias or prejudice so as to create a reasonable fear that a fair trial cannot be had.'" Downs v. Moore, 801 So.2d 906, 915 (Fla.2001) (quoting Dragovich v. State, 492 So.2d 350, 353 (Fla.1986)). In reviewing a motion to disqualify, this court examines "`whether the facts alleged would place a reasonably prudent person in the fear of not receiving a fair and impartial trial.'" Correll v. State, 698 So.2d 522, 524 (Fla.1997) (quoting Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983)).
Kleppinger's case involved a brutal beating of a corrections officer during an escape attempt from the sixth story of the Sarasota County jail. Kleppinger alleges that his counsel was aware that the trial judge's son was a corrections officer in Sarasota County at the time of the incident and a friend of the victim and witnesses in Kleppinger's trial. Kleppinger also alleges that other corrections officers taunted him, reminding him that the trial judge was "the father of one of their own." A motion to disqualify based on these facts would have been legally sufficient. But cf. Tafero v. State, 403 So.2d 355, 361 (Fla.1981) (finding that a judge's former employment as a police officer did not require disqualification in a murder trial where the victim was a police officer). The judge's son was a personal friend and colleague of the State's witnesses, including the victim. This is a specific fact about the trial judge's personal bias or sympathy. It would have placed a reasonable person charged with the brutal assault of a friend of the judge's immediate family in fear of not receiving a fair trial, especially considering the constant taunting by the corrections officers. Because Kleppinger's motion for disqualification would have been legally sufficient, Kleppinger succeeds in stating a prima facie case of ineffective assistance of counsel. See Goines, 708 So.2d at 656 (finding that a defendant successfully established both deficiency and prejudice since failure to file a motion to disqualify renders a trial fundamentally unfair because of the appearance and risk of judicial bias). Therefore, an evidentiary hearing was necessary to determine whether counsel's decision not to file a motion to disqualify was strategic. See Thompson v. Wainwright, 447 So.2d 383, 385 (Fla. 4th DCA 1984) (finding that a reasonable but calculated risk not to file a motion to disqualify a judge based on strategy does not constitute ineffective assistance). Accordingly, we reverse for an evidentiary hearing on the issue of whether counsel's decision not to file a motion to disqualify the trial judge was strategic.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] Kleppinger said, "I do not agree with his strategy."
[2] The trial court may consider additional testimony at the evidentiary hearing if necessary to resolve this factual issue.