PER CURIAM.
We affirm the summary denial of defendant Feliciano Beneby’s rule 3.850 motion for post-conviction relief. The motion was denied without prejudice to resubmit it within thirty days, adding factual allegations demonstrating that the alleged deficiencies of Beneby’s trial counsel prejudiced him.
In order to demonstrate ineffective assistance of counsel, movants must show that their counsel’s performance was deficient and that there is a reasonable probability that counsel’s deficient performance affected the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant argues that he need not demonstrate prejudice because he alleged that counsel conceded his guilt; however, that principle applies when counsel concedes the accused’s guilt of the charged offense. Harvey v. State, — So.2d -, 28 Fla. L. Weekly S513, 2003 WL 21511339 (Fla. July 3, 2003); Kleppinger v. State, 884 So.2d 146, 2004 WL 1618532 (Fla. 2d DCA July 21, 2004). His allegation, however, was that counsel conceded his guilt of a lesser included offense. Thus, prejudice must be demonstrated in order to obtain post-conviction relief. See State v. Williams, 797 So.2d 1235, 1240-41 (Fla.2001); Davis v. State, 866 So.2d 1251 (Fla. 4th DCA 2004); Harris v. State, 768 So.2d 1179, 1183 (Fla. 4th DCA 2000).
The state’s response below also raised a timeliness issue which it suggested the resubmitted motion should address. We point out, however, that if, as he alleged, Beneby was resentenced in November 2002 after this court reversed his initial sentence on direct appeal, his motion, filed in April or May 2004,[1] was clearly timely filed within two years from the time his conviction and sentence became final, despite the fact that the mandate from the direct appeal issued in 2001. Pierce v. State, 875 So.2d 726 (Fla. 4th DCA 2004); Snipes v. State, 843 So.2d 1043 (Fla. 2d DCA 2003). Thus, he need not further address timeliness in his resubmitted motion — which should be filed with the trial court within thirty days after the issuance of the mandate in this appeal.
GUNTHER, WARNER and MAY, JJ., concur.

. The filing date on the motion included in the record provided to this court is unclear.