912 So.2d 26 (2005)
Mahlard K. BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2819.
District Court of Appeal of Florida, Fourth District.
August 10, 2005.
Rehearing Denied October 19, 2005.
*27 Mahlard K. Boyd, Mayo, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Mahlard K. Boyd appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion in which he alleges three claims of ineffective assistance of trial counsel. We affirm the summary denial of all three claims and choose to address only Boyd's claim that his trial counsel was ineffective in having failed to request a special "independent act" jury instruction.
Boyd was convicted of robbery with a firearm. He was sentenced as a violent habitual felony offender to life with a fifteen-year mandatory term. The state presented evidence that Boyd and co-defendant Brian Flanagan were involved in the robbery of Jerry Thompson. Thompson was accosted by two men, one with a gun. Thompson's wallet containing $650 was taken.
Boyd faults trial counsel for not requesting a jury instruction associated with the "independent act" defense. To support his position, Boyd references the victim's testimony that Boyd had nothing to do with the armed robbery. Boyd also alleges that the "record disclosed" that co-defendant Flanagan testified that Boyd had no prior knowledge or involvement in the incident.
Co-defendant Flanagan testified that the robbery was his own idea and that he executed it without Boyd's help. According to Flanagan, Boyd was surprised when Flanagan drew a gun. Flanagan testified that Boyd pulled away when Flanagan refused to stop. Flanagan explained that he was high on crack cocaine at the time.
At issue is the "independent act" doctrine. "The `independent act' doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, `which fall outside of, and are foreign to, the common design of the original collaboration.'" Ray v. State, 755 So.2d 604, 609 (Fla.2000) (emphasis added) (quoting Ward v. State, 568 So.2d 452, 453 (Fla. 3d DCA 1990)). A defendant who does not participate in the independent act of his co-felon is exonerated from any punishment imposed for the independent act. Ray, 755 So.2d at 609.
The state argues that Boyd's claim should fail, as counsel made the argument that Flanagan acted independently and therefore Boyd was not guilty. The state's position is that a jury instruction on the "independent act" doctrine would have been contrary to the defense at trial, and that there was no evidentiary support for such instruction. We agree.
In the instant case, Boyd's defense was not that he had previously participated in a common plan and the acts of the co-felon were outside of and were foreign to the common design of the original collaboration. Boyd's defense was that there was no common plan between him and Flanagan, Flanagan's act of armed robbery came as a complete surprise to Boyd, and Boyd was in no way involved in the armed robbery.
In order to demonstrate ineffective assistance of counsel, Boyd must show that counsel's performance was deficient and there was a reasonable probability that counsel's deficient performance affected the outcome of the proceedings. See Beneby v. State, 888 So.2d 144, 145 (Fla. 4th DCA 2004) (citing Strickland v. Washington, *28 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Boyd has failed to meet his burden of demonstrating ineffective assistance of trial counsel and we therefore affirm the denial of his 3.850 motion.
Affirmed.
FARMER and TAYLOR, JJ., concur.