WARNER, J.,
dissenting.
I must respectfully dissent. I see no difference between this case and Duest v. Goldstein, 654 So.2d 1004 (Fla. 4th DCA 1995). There, the judge was recused for his involvement as an assistant state attorney in the prior prosecution of the defendant. His only participation in that proceeding was as the supervising state attorney for the division in which the defendant was being tried. His assistance was limited to entering the courtroom while the defendant’s trial was ongoing and handing a document to the prosecutor. Here, the judge was the supervising attorney at the U.S. Attorney’s office and sent the request for a warrant to the assistant U.S. Attorney in charge of issuing the warrants. The warrant allowed the key witness in appellant’s case to be detained and questioned, leading to the incriminating testimony in this case. I think appellant would have a reasonable fear that the judge would be biased against him in that she set in motion the assistance of the U.S. Attorney’s office in obtaining the crucial evidence in this case.