974 So.2d 474 (2008)
Shane COX, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-546.
District Court of Appeal of Florida, Second District.
January 25, 2008.
*475 STRINGER, Judge.
Shane Cox appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 in which he raised five claims for relief. We affirm the denial of claim five without comment. However, we reverse the summary denial of claims one, two, three, and four and remand for further proceedings.
In claim one, Cox alleged that the State failed to adhere to the terms of an oral plea agreement. Cox alleged that the detective in charge of his case promised him a sentence of no more than five years in prison in exchange for his cooperation, and Cox alleged that he was told that the prosecutor had "approved this agreement." Cox alleged that he entered his plea to the charges in reliance on this agreement. Cox also alleged that the prosecutor had failed to adhere to this agreement and that he was subsequently given a significantly longer sentence.
The postconviction court summarily denied this claim and attached a copy of the written negotiated plea agreement as record evidence allegedly conclusively refuting Cox's claim. However, a signed, written plea' agreement, standing alone, is insufficient to refute a defendant's claim that he misunderstood the terms of the plea agreement or that no other promises were made to induce the plea. Cf. Hen Lin Lu v. State, 683 So.2d 1110 (Fla. 4th DCA 1996); McCallum v. State, 591 So.2d 318, 319 (Fla. 4th DCA 1991). Therefore, *476 we reverse the summary denial of this claim and remand for the court either to attach record excerpts conclusively refuting this claim or to conduct an evidentiary hearing.
Claims two and four of Cox's motion raise related issues concerning the State's alleged failure to adhere to the oral plea agreement. In claim two, Cox alleged that his counsel was ineffective for failing to file a timely motion to withdraw plea when the State failed to adhere to the earlier oral agreement. In claim four, he alleged that his plea was induced by counsel's advising him that he would receive a more lenient sentence because of his cooperation. The postconviction court summarily denied these claims as facially insufficient; however, these claims allege both deficient performance and prejudice and so are facially sufficient. See Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Hill v. Lockhart, 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Because the trial court did not attach portions of the record conclusively refuting these claims, we reverse and remand for the court either to do so or to conduct an evidentiary hearing.
Finally, in claim three, Cox alleged that his counsel was ineffective for failing to file a motion to disqualify the judge who presided over his sentencing. Cox alleged that the sentencing judge in this case was a former assistant state attorney and that, while an assistant state attorney, he had signed a felony information filed against Cox in another county in the same circuit. Cox alleged that his counsel failed to exercise due diligence in discovering this conflict and, consequently, in failing to file a motion for the judge to recuse himself. Cox also alleged that had such a motion been filed, the judge would have been disqualified from presiding over this case. Cox attached a copy of the felony information to his motion.
The postconviction court denied Cox's claim as facially insufficient, finding that Cox did not allege facts to show that the court was actually biased and that Cox did not allege that but for counsel's deficient performance the outcome of the proceeding would have been different. However, this misstates both the record and the standard for this type of claim.
In Kleppinger v. State, 884 So.2d 146, 149 (Fla. 2d DCA 2004), this court held that when considering a disqualification issue in the context of an ineffective assistance claim, "[t]he finding of prejudice turns on whether disqualification would have been required, not on whether the outcome of a new trial would have been different." See also Goines v. State, 708 So.2d 656, 661 (Fla. 4th DCA 1998) (citing Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).[1] This is because "trial before a judge whose impartiality may reasonably be questioned `would present grave due process concerns,' because `proceedings involving criminal charges . . . must both be and *477 appear to be fundamentally fair.'" Goines, 708 So.2d at 660-61 (quoting Steinhorst v. State, 636 So.2d 498, 500-01 (Fla.1994)). Moreover, "[a] legally sufficient motion to disqualify must demonstrate `some actual bias or prejudice so as to create a reasonable fear that a fair trial cannot be had.'" Kleppinger, 884 So.2d at 149 (quoting Downs v. Moore, 801 So.2d 906, 915 (Fla. 2001)).
In this case, there is no dispute that the sentencing judge was the assistant state attorney who signed the prior felony information against Cox. Thus, Cox's allegations are sufficient to show a reasonable fear of actual bias. Further, Cox's allegations that disqualification would have been required are sufficient to establish the prejudice prong. Therefore, because Cox's allegations are sufficient to meet the Kleppinger standard, he presented a facially sufficient claim for relief.
In its order, the postconviction court also found that Cox was not entitled to relief on claim three because he did not have a well-grounded fear of bias at the time of trial because he did not learn of the possible conflict until after he was sentenced in this case. However, the question underlying this claim is not when Cox learned of the potential conflict but whether Cox's trial counsel was ineffective for not discovering this potential conflict, bringing it to Cox's attention, and taking steps to resolve it. Resolution of this question requires an evidentiary hearing. Accordingly, we reverse and remand for an evidentiary hearing on this claim.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] We recognize that Kleppinger and Goines conflict with Thompson v. State, 949 So.2d 1169 (Ha. 1st DCA 2007), review granted, 959 So.2d 718 (Fla.2007), on the issue of whether a defendant must allege actual bias on the part of the trial judge in order to state a facially sufficient claim for postconviction relief based on trial counsel's failure to move to disqualify the trial judge. We also have some concern that the supreme court's decision in Carratelli v. State, 961 So.2d 312 (Fla.2007), may have called into question the holdings of Kleppinger and Goines. However, Carratelli dealt with the issue of juror disqualification rather than judicial disqualification, and we believe that the considerations of fundamental fairness and due process at issue in Kleppinger and Goines are sufficiently different from the issue in Carratelli that both Kleppinger and Goines remain viable post-Carratelli. Thus, we certify conflict with Thompson on this issue.