612 So.2d 705 (1993)
POOL WATER PRODUCTS, INC., a Florida Corporation, Appellant,
v.
POOLS BY L.S. RULE, a Florida, corporation and Larry Rule, individually, Appellees.
No. 91-1046.
District Court of Appeal of Florida, Fourth District.
January 27, 1993.
*706 Lee B. Gartner of Lee B. Gartner, P.A., Sunrise, for appellant.
John W. Conness of John W. Conness, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant challenges the final judgment in this appeal because it maintains that the trial court erroneously refused to recuse himself after revealing at trial that the judge had a close family relationship with the appellee. We agree and reverse.
At the non-jury trial of this action appellant called Larry Rule, the president of appellee, as an adverse witness. Just after Rule was sworn and began to testify, the judge informed the parties that he knew Rule. The judge explained that Rule's parents and the judge's parents had been close, and that both the judge and the judge's sister had known Rule ten years ago. He then gave counsel for appellant an opportunity to discuss this development with his client, the appellant. After doing so, Appellant's counsel moved for a recusal, stating, "You know, he [the client] has no real reason to think that you are not going to be impartial, but rather than putting you in that position, he would just as soon have you recuse yourself in this particular instance." Appellee's attorney objected, stating that there was no written motion and that the reason was not legally sufficient, in any event.
The trial judge gave appellant another recess to compose an ore tenus motion making a legally sufficient showing. The appellant came back with the following recitation:
The only thing that my client pointed out, and what concerns him is number one, his company is a California Company. They have been here five years. Even though it's a substantial company, they have not had as long a time in the community to be known. They know in this particular business Larry Rule's dad is very well respected in the pool industry, and you know, I presume that with your knowledge of the family that you made reference to, is more through the father than the son. I mean, if it was 10 years ago, I don't know how old Larry Rule is, but... .
With this showing, the court denied the motion and trial proceeded.
Canon 3C(1) of the Code of Judicial Conduct states:
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party;
In this proceeding, the judge felt compelled to announce on the record his close family connection with the principal of the appellant corporation. He then gave appellant time to consider this information and in response, appellant moved to recuse. Yet having made the invited motion, the court denied it. "Where the judge is conscious of any bias or prejudice which might influence his official action against any party to the litigation, he should decline to officiate whether challenged or not." McGregor v. Hammock, 101 Fla. 1170, 132 So. 815 (1931). We think that if the matter known to the judge is of such concern that the judge believes that it should be revealed to the parties, then the necessary implication is that the judge feels that it is a matter on which the parties may reasonably question his impartiality. Therefore, having revealed the matter, if the party then requests disqualification based upon what the *707 judge has revealed, we think he is duty bound to recuse himself. In other words, the legally sufficient reason for recusal is that the judge himself thought it was a matter by which his impartiality might reasonably be questioned. See Pistorino v. Ferguson, 386 So.2d 65 (Fla. 3d DCA 1980).
We recognize that this may pose a dilemma for the trial bench. It requires each judge to make a conscientious assessment of matters which are known to the judge which might be interpreted as affecting the judge's impartiality. The judge should disclose matters which he or she believes might reasonably impair his or her impartiality. However, after searching his or her conscience and determining that the matter will not have an effect, disclosure is not required. Nevertheless, if the judge reveals such matters to the parties and gives them an opportunity to make a motion for recusal, then the judge must recuse himself or herself upon the request of the parties which the judge invited.
Reversed.
DELL and POLEN, JJ., concur.
WARNER, J., concurs in result only with opinion.
WARNER, Judge, concurring in result only with opinion.
I do not agree with the majority as to the recusal as the motion made by the appellant did not comport with the rule, and appellant's attorney never really stated that he feared the judge would be biased against his client. Therefore, I would find that the motion was legally insufficient.
However, because the trial court failed to enter judgment against Larry Rule individually even though Rule guaranteed the contract, I find that the judgment is against the manifest weight of the evidence.