644 So.2d 551 (1994)
Stephen Louis FOLEY, Petitioner,
v.
The Honorable J. Leonard FLEET, Circuit Judge of the Seventeenth Judicial Circuit Court, in and for Broward County, Florida, et al., Respondent.
No. 94-1993.
District Court of Appeal of Florida, Fourth District.
October 5, 1994.
Order Modified on Clarification November 9, 1994.
Colleen M. Crandall, Colleen M. Crandall, P.A., Boca Raton, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles M. Fahlbusch, Asst. Atty. Gen., Hollywood, for respondent-The Honorable J. Leonard Fleet.
Nancy W. Gregoire, Joel L. Kirschbaum, and Teri L. Di Giulan of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for respondent-Robin Kert Foley.
KLEIN, Judge.
Petitioner seeks a writ of prohibition because the trial judge refused to disqualify himself in this post-dissolution action. We deny the writ because the motion for disqualification was not filed within 10 days after the grounds for disqualification were made known to petitioner as is required by Florida Rule of Judicial Administration 2.160(e) (1994).
*552 Petitioner is a former husband in a post-dissolution action pending before Judge Fleet. Former wife's lawyer, a member of the Ruden, Barnett law firm, advised husband's lawyer on June 7, 1994, that his law partner was Judge Fleet's campaign coordinator for re-election. Husband's counsel responded on June 9, 1994, stating that his client was away for a few days and he would discuss it with him upon his return.
Husband's lawyer wrote wife's lawyer on June 16, 1994, advising that he and his client felt that Ruden, Barnett had a conflict of interest and asked whether Ruden, Barnett would voluntarily withdraw from the case. Wife's counsel responded on June 17, 1994 refusing to withdraw, but advising that if husband moved to recuse "in an appropriate way" Judge Fleet would grant the motion. On June 20, 1994 Judge Fleet wrote husband's lawyer advising that Sam Fields of Ruden, Barnett was coordinating his campaign for re-election.
Husband moved to disqualify Judge Fleet on July 7, 1994, the motion was denied as being legally insufficient, and husband seeks prohibition. Florida Rule of Judicial Administration 2.160, entitled "Disqualification of Trial Judges", provides, in subsection (e):
A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling.
The above rule became effective January 1, 1993. The Florida Bar re: Amendment to Fla. Rules of Judicial Administration, 609 So.2d 465 (Fla. 1992). Prior to its adoption, Fla.R.Civ. 1.432(c) provided that a motion to disqualify had to be made within a "reasonable time" after discovery of the grounds; however, that rule was repealed when the new rule of judicial administration became effective. We conclude that the motion to disqualify in the present case, filed approximately 30 days after the grounds for disqualification became known to petitioner, was untimely. See also Dura-Stress, Inc. v. Law, 634 So.2d 769 (Fla. 5th DCA 1994).
We therefore deny prohibition.
DELL, C.J., and STONE J., concur.

ON MOTION FOR CLARIFICATION
BY ORDER OF THE COURT:
We grant petitioner's motion for clarification and hereby modify the order of October 5, 1994, to reflect that the award of attorney's fees and costs is contingent upon respondent being the prevailing party within the meaning of Article XXVI of the Settlement Agreement.