659 So.2d 692 (1995)
IN RE CODE OF JUDICIAL CONDUCT.
No. 81685.
Supreme Court of Florida.
August 24, 1995.
Ronald M. Friedman, Circuit Court Judge, Miami, for petitioner.
OVERTON, Justice.
This Court, on its own motion and on the petition of Ronald M. Friedman, hereby amends Canon 7C(1) of the Code of Judicial Conduct to eliminate the sentence which directs that a candidate for election to a judicial position shall not expend funds, solicit contributions, seek public support, or establish a committee earlier than one year before the general election. That part of Canon 7C(1) has been enjoined by the final judgment entered in Zeller v. The Florida Bar, No. TCA 95-40073-MMP (N.D.Fla. June 16, 1995). We hereby amend Canon 7C(1) as follows:
(1) A candidate, including an incumbent judge, for a judicial office that is filled by public election between competing candidates shall not personally solicit campaign funds, or solicit attorneys for publicly stated support, but may establish committees of responsible persons to secure and manage the expenditure of funds for the candidate's campaign and to obtain public statements of support for his or her candidacy. Such committees are not prohibited from soliciting campaign contributions and public support from any person or corporation authorized by law. A candidate should not expend funds in furtherance of his or her judicial campaign or establish a committee to solicit contributions or public support earlier than one year before the general election. A candidate shall not use or permit the use of campaign contributions for the private benefit of the candidate or members of the candidate's family.
The commentary to Canon 7C is amended as follows:
*693 Canon 7C. Although Chapter 106, Florida Statutes, does not address when campaign accounts may be established or campaign solicitations may begin, the time limitation in Section 7C(1) is consistent with the goals of the canons in maintaining the integrity of the judiciary. The term "limited campaign activities" is not intended to permit the use of common forms of campaign advertisement which include, but are not limited to, billboards, bumperstickers, media commercials, newspaper advertisements, signs, etc. Informational brochures about the merit retention system, the law, the legal system or the administration of justice, and neutral, factual biographical sketches of the candidates do not violate this provision.
Active opposition is difficult to define but is intended to include any form of organized public opposition or an unfavorable vote on a bar poll. Any political activity engaged in by members of a judge's family should be conducted in the name of the individual family member, entirely independent of the judge and without reference to the judge or to the judge's office.
In addition, the Court, on its own motion, and in part because of opinion 95-20, Committee on Standards of Conduct Governing Judges (June 14, 1995), finds it appropriate to further clarify disqualification requirements under Canon 3(E) by amending the commentary to Canon 3E(1) as follows:
Canon 3E(1). Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E(1) apply. For example, if a judge were in the process of negotiating for employment with a law firm, the judge would be disqualified from any matters in which that law firm appeared, unless the disqualification was waived by the parties after disclosure by the judge.
A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. The fact that the judge conveys this information does not automatically require the judge to be disqualified upon a request by either party, but the issue should be resolved on a case-by-case basis. Similarly, if a lawyer or party has previously filed a complaint against the judge with the Judicial Qualifications Commission, that fact does not automatically require disqualification of the judge. Such disqualification should also be on a case-by-case basis.
By decisional law, the rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In the latter case, the judge must disclose on the record the basis for possible disqualification and use reasonable efforts to transfer the matter to another judge as soon as practicable.
These amendments to the commentary shall be effective upon the filing of this opinion.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.