669 So.2d 326 (1996)
Soulaymane CHERRADI, Petitioner,
v.
The Honorable Robert Lance ANDREWS, Respondent.
No. 95-3702.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
*327 Soulaymane Cherradi, Fort Lauderdale, pro se petitioner.
No response required for respondent.
PARIENTE, Judge.
Petitioner filed this petition seeking to prohibit the assigned trial judge from presiding over any further dissolution proceedings. The motion for disqualification was filed several months after the trial court entered a final judgment designating the former wife as primary residential parent. We deny the writ of prohibition finding the majority of the reasons alleged in support of disqualification untimely and the remaining grounds legally insufficient.
To the extent that the husband's motion for disqualification was predicated on actions and rulings of the trial court taken in connection with the dissolution proceedings, the final judgment in April 1995, and the contempt proceedings in June 1995, the motion filed in October 1995 was untimely. See Fla.R.Jud.Admin. 2.160(e); Foley v. Fleet, 644 So.2d 551 (Fla. 4th DCA 1994).
The only grounds which could be considered timely raised under rule 2.160(e) are the allegations of bias and prejudice resulting from a campaign contribution and the husband's intention to appeal the rulings and file a JQC complaint. These allegations were properly rejected as they are legally insufficient.
Judges are not required to disqualify themselves solely upon an allegation that an attorney for a party had made a campaign contribution to the judge's political campaign. Nathanson v. Korvick, 577 So.2d 943 (Fla. 1991); MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990); Zaias v. Kaye, 643 So.2d 687 (Fla. 3d DCA 1994). Just as adverse judicial rulings do not form a proper basis for disqualification, an expressed intent to appeal the judge's rulings likewise does not form a basis for disqualification of a judge on the grounds of bias. See Heier v. Fleet, 642 So.2d 669, 670 (Fla. 4th DCA 1994). Nor does a party's expressed intent to file a complaint with the JQC in itself constitute a legally sufficient ground for recusal. The recently amended commentary to Canon 3E(1) of the Code of Judicial Conduct states that a party's prior filing of a complaint with the JQC does not automatically require disqualification of the trial judge. In re Code of Judicial Conduct, 659 So.2d 692, 693 (Fla.1995). Here, there is no indication that such a complaint has even been filed.
The husband has submitted as additional grounds for disqualification the trial court's December 13, 1995 order denying his request for indigency status on appeal, the trial court's award of attorney's fees to the wife in late October 1995, and the trial *328 court's order on rehearing entered December 29, 1995. All of these actions transpired after the motion for disqualification was denied. The husband did not submit a supplemental motion for disqualification. Since these grounds for disqualification were not raised in the trial court, we may not consider them on this petition for writ of prohibition.
Based on the foregoing reasons, the petition is denied.
WARNER and POLEN, JJ., concur.