696 So.2d 457 (1997)
W.I., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-1395.
District Court of Appeal of Florida, Fourth District.
July 2, 1997
Karen L. Johnson, Stuart, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner, W.I., a juvenile, seeks prohibition following the denial of his motion to disqualify the judge presiding in his prosecution. The motion to disqualify contained allegations that the presiding judge had been the prosecuting attorney assigned to a 1995 prosecution of petitioner as a juvenile (unrelated to this prosecution) and that the judge made an oral disclosure in open court, prior to the date charges were filed against petitioner in this case, advising counsel that she was close friends with a case worker assigned to petitioner. The trial judge denied the motion as legally insufficient.
First of all, we find that the motion was timely filed and that any technical deficiency as argued by respondent should not bar this otherwise legally sufficient claim for disqualification. Caleffe v. Vitale, 488 So.2d 627 (Fla. 4th DCA 1986).
*458 Next, on the substantive grounds asserted in the motion for disqualification, we find sufficient grounds for relief on the first claim asserted alone. While the fact that the presiding judge prosecuted petitioner in a previous case does not present a direct conflict of interest, it does support petitioner's claim of a well founded fear that he will not receive a fair trial before this judge. Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Fla.R.Jud.Admin. 2.160(d); section 38.10, Fla. Stat. (1995). Cf. Duest v. Goldstein, 654 So.2d 1004 (Fla. 4th DCA 1995).
We do not believe that the second ground asserted for disqualification, namely the trial judge's voluntary disclosure of friendship with the case worker was legally sufficient in and of itself. Petitioner cited this court's decision in Pool Water Products, Inc. v. Pools by L.S. Rule, 612 So.2d 705 (Fla. 4th DCA 1993), where this court held that a trial judge should have recused himself after revealing that he had a close family relationship with the president of one of the parties before him. This court said that if a judge reveals matters to the parties and gives them an opportunity to make a motion for disqualification, then the judge must recuse himself or herself on request of the parties which the judge invited. Pool Water Products may be distinguishable because the judge in that case made the voluntary disclosure and then gave the parties the opportunity to move to disqualify. Here, the judge simply made the disclosure. She did not invite a motion to disqualify.
After that decision, in In re Code of Judicial Conduct, 659 So.2d 692 (Fla.1995), the Supreme Court of Florida amended its Commentary to Canon 3(E) as follows:
Canon 3E(1). Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific rules in Section 3E(1) apply....
A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. The fact that the judge conveys this information does not automatically require the judge to be disqualified upon a request by either party, but the issue should be resolved on a case-by-case basis.
This Commentary casts some doubt on our decision in Pool Water Products to the extent that it could be read to require disqualification based solely on a judge's voluntary disclosures.
Since we find a sufficient basis for disqualification based on the first ground asserted in the motion, however, we grant the petition for writ of prohibition. We withhold issuance of the writ, trusting that the judge will recuse herself from further proceedings in accordance with this opinion.
DELL, GUNTHER and POLEN, JJ., concur.