ON MOTION FOR CLARIFICATION
PER CURIAM.
The petitioner seeks to disqualify the trial judge from presiding over his trial, contending that the judge is prejudiced against him. We disagree and deny the petition.
The petitioner is charged with a felony and a misdemeanor, both of which are now pending before the same trial judge. During a hearing on the misdemeanor case, the state filed a “certification” of non-jury trial. If the trial court had accepted the “certification,” the effect would have been to deprive petitioner of a jury trial in the misdemeanor case in exchange for the trial court’s assurance that should the defendant be found guilty, adjudication would be withheld and no incarceration would be imposed. Petitioner acknowledged the rule and advised the court that he had no standing to object, and noted that if convicted, he would appeal, as he was not satisfied with adjudication being withheld because he wanted ■ to be declared “not guilty.” While the trial judge was somewhat unsure of waiving a jury trial, he stated that he would be inclined to certify that he would not adjudicate or incarcerate the petitioner. At a subsequent hearing, the trial judge agreed that “in the event the State proves its accusations beyond a reasonable doubt, I’ll withhold adjudication of guilt and not impose any incarceration. Therefore, my understanding is under the statute that would take or relieve Mr. Orr of any right he may have or have had to a jury trial.”
Petitioner claims that the judge’s handling of the certification for a non-jury trial showed bias in favor of the state, because the judge was willing to concede to the state’s position that a jury trial could be waived if the judge agreed to withhold adjudication and agreed not to incarcerate the petitioner upon a finding of guilt. At best, the motion to recuse indicates that the petitioner did not agree with the judge’s acceptance of the state’s “certification.”
It is well settled that mere dissatisfaction with adverse rulings does not constitute a legally sufficient ground for a disqualification motion. See Jackson v. State, 599 So.2d 103, 107 (Fla.), cert. denied, 506 U.S. 1004, 113 S.Ct. 612, 121 L.Ed.2d 546 (1992). In Cherradi v. Andrews, 669 So.2d 326, 327 (Fla. 4th DCA 1996), this court held that an expressed intent to appeal the judge’s ruling does not form a basis for disqualification of a judge on the grounds of bias. As noted, Orr stated his intent to appeal the “certification” issue if found guilty of the ordinance violation.
Whether the trial court correctly followed the law in denying petitioner’s demand for the jury trial is a question which *637 may be addressed on direct appeal. We have reviewed the transcript and motions and affirm the trial court’s conclusion that the motion to recuse fails to demonstrate a well-founded fear that petitioner would receive unfair treatment by the trial judge. We therefore deny the writ of prohibition.
WARNER, C.J., STONE and TAYLOR, JJ., concur.