SCHWARTZ, Chief Judge.
The petitioner seeks certiorari review of a circuit court order which, reversing the assigned general master’s ruling to the contrary, disqualified her for bias from hearing further matters in this domestic dispute. Because the order, which granted the equivalent of prohibition against the master, was entered in the circuit court’s review capacity within the meaning of Florida Rule of Appellate Procedure *569 9.030(c)(3),[1] we consider the petition pursuant to Rules 9.100(a) and (f)(1),[2] see Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995),[3] and grant it upon the holding that the disqualification of the general master represents a “departure from the essential requirements of law ... resulting in a miscarriage of justice,” so as to justify and, we find in our discretion, require that it be quashed. See Haines, 658 So.2d at 528.
The motion to disqualify, which was filed on December 9, 1999, to preclude the master from hearing a pending motion to assess attorney’s fees, asserted that the master was biased against Mr. Crespo because of (a) remarks made in the course of announcing her ruling after a hearing on May 27, 1999 on the ex-wife’s application for enforcement of his child support obligation, and (b) the contents of the resulting order filed on June 29, 1999. On the face of it, therefore, the motion was untimely filed well beyond the ten day period provided by Florida Rule of Judicial Administration 2.160(e) and was properly denied by the master for that reason alone. See Foley v. Fleet, 644 So.2d 551 (Fla. 4th DCA 1994); State ex rel. Jensen v. Cannon, 163 So.2d 535 (Fla. 3d DCA 1964).
Much more important to the consideration of whether the order below serves the proper administration of justice is that the allegations of bias were based only upon statements which accurately reflected the evidence[4] and adverse determinations in the order as to the appellee’s credibility[5] which were totally appropriate *570 and indeed indispensable to the resolution of the issues before her. They thus could not have been a lawful basis for disqualification. See Nateman v. Greenbaum, 582 So.2d 643 (Fla. 3d DCA 1991), review dismissed, 591 So.2d 183 (Fla.1991); Deauville Realty Co. v. Tobin, 120 So.2d 198 (Fla. 3d DCA 1960), cert. denied, 127 So.2d 678 (Fla.1961).
By unjustly disqualifying a judicial officer for no acceptable reason, the order below serves improperly to encourage the pernicious practice of judge-and-master-shopping so prevalent in our legal culture. We thoroughly disapprove.
Certiorari granted.

. (c) Jurisdiction of Circuit Courts.
[[Image here]]
(3) Original Jurisdiction. Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction.

. Rule 9.100. Original Proceedings
(a) Applicability. This rule applies to those proceedings that invoke the jurisdiction of the courts described in rules 9.030(a)(3),(b)(2), (b)(3),(c)(2), and (c)(3) for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts’ jurisdiction; and for review of non-final administrative action.
[[Image here]]
(f) Review Proceedings in Circuit Court.
(1) Applicability. The following additional requirements apply to those proceedings that invoke the jurisdiction of the circuit court described in rules 9.030(c)(2) and (c)(3) to the extent that the petition involves review of judicial or quasi-judicial action.

. For this reason — although, as indicated at oral argument, we have considered the possibility — we find inapplicable the rule that cer-tiorari review of an otherwise unappealable, interlocutory order of the trial court itself may be granted only when, among other things, there is a showing of irreparable harm, see Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), which might not exist here because other general masters and the circuit judge himself are available to hear the case. See State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726 (1934)(holding order of circuit judge recusing himself unreviewable).

. The general master in part stated that:
The only reason that child support was not collected in this case is that the former husband continuously after dissolution was moving around. He acknowledges that at the time he was a drug dealer and acknowledges subsequently being convicted for drug dealing. (T-l 11)
In fact, the record before her reflects the following:
Q. The reason why you were afraid of the police is because you were dealing drugs at that time; isn't that correct?
A. That’s correct.
Q. And you were subsequently convicted on a drug charge; is that correct?
A. That is correct. (T-75)

. For example, Mr. Crespo complains of the following portion of the final report of the general master:
Defendant's track record doesn’t help his case. Since his divorce from the Plaintiff, he has had 3 more marriages, two of which have ended in divorce with children. He is not supporting any of his children from his two other divorces. Defendant claims that he is not supporting the child of his third marriage because he did not know if the child was his, however, he lacks credibility on this point. He hesitated and vacillated in his testimony on the issue of blood test *570 ing for paternity, feigning ignorance of who was to be tested. When challenged on who refused to be tested, he named the one person who doesn't gel tested, that being the mother, [e.s.]