KLEIN, J.,
concurring specially.
I agree with the majority that there was a waiver because of what occurred after counsel responded that the relationship was not a problem. It was not until then that the trial court denied the motion to amend the complaint to add several new counts on the eve of trial. Allowing this amendment would have required a postponement of the trial, and the motion to recuse may have been motivated more by the hope of gaining a delay than concern about the judge’s impartiality. I am writing separately to explain why the court did not err in denying the motion on the merits.
The motion for disqualification was based on the following, which occurred at the beginning of the hearing on the motion to amend:
[By the court]: Second point, Michael Joblove is the attorney on the opposite side [Friday’s]. I have known him since he was in diapers. In fact, I may have changed him one time or two.
I was a patient of his father’s for some 30 odd years. I’ve known him for many years. He may have even hurt me once or twice.
Is this going to cause a problem with your client?
[By Mr. Einhorn, counsel for petitioner Cousins]: No, Your Honor, as long as it’s not a problem for Your Honor.
[By the Court]: I have no problem.
His father inflicted a lot of pain on me, tongue in cheek.
Although counsel for petitioner did not object at the hearing, two days later the client filed an affidavit and motion for disqualification based on the information revealed by the judge.
Petitioner relies on Pool Water Products, Inc. v. Pools by L.S. Rule, 612 So.2d 705 (Fla. 4th DCA 1993). In that case the judge announced that he knew one of the parties because his parents had been close friends of that party’s parents. The opposing party moved to recuse, but the trial court denied the motion. In reversing the final judgment we stated that, because the judge revealed the matter, he was duty bound to recuse if one of the parties requested it. The panel recognized that this reasoning “may pose a dilemma for the trial bench.” Id. at 707.
In W.I. v. State, 696 So.2d 457 (Fla. 4th DCA 1997), this court questioned the reasoning in Pool Water Products in light of In re Code of Judicial Conduct, 659 So.2d 692 (Fla.1995), in which the Florida Supreme Court amended the Commentary to Canon 3(E) as follows:
A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. The fact that the judge conveys this information does not automatically require the judge to be disqualified upon a request by either party, but the issue should be resolved on a case-by-case basis.
See also In re Frank, 753 So.2d 1228, 1238 (Fla.2000)(diselosure of relationship by judge does not necessarily require disqualification). Accordingly, Pool Water Products, to the extent it conflicts with the Code and In re Frank, has been overruled.
*460 Our supreme court observed in Mac-Kenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1338 (Fla.1990):
There are countless facts which may cause some members of the community to think that a judge would be biased in favor of a litigant or counsel for a litigant, e.g., friendship, member of the same church or religious congregation, neighbors, former classmates or fraternity brothers. However, such allegations have been found legally insufficient when asserted in a motion for disqualification.
See also Ervin v. Collins, 85 So.2d 833 (Fla.1956)(allegations of personal and political friendship between a supreme court justice and the governor, who was a party, did not require disqualification).
In my opinion, even if there had been no waiver, the relationship disclosed by the court did not require disqualification.