# Third District Court of Appeal

## State of Florida

Opinion filed January 06, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2426
Lower Tribunal No. 15-4058

_____

**The State of Florida,**
Petitioner,

vs.

**Octavio Oliu,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for petitioner.

Akerman LLP, and Ari H. Gerstin, for respondent.

Before SHEPHERD, ROTHENBERG, and SALTER, JJ.

ON MOTION FOR REHEARING/CLARIFICATION

ROTHENBERG, J.

The State of Florida ("the State") petitioned this Court for a writ of prohibition directed to the trial judge, who denied the State's sworn motion for

disqualification. The grounds for disqualification were: (1) the trial judge's acknowledged previous attorney-client relationship with the City of Sweetwater Police Department, which appeared as a third party duces tecum witness before the trial judge on a show cause order why it should not be held in contempt for its failure to comply with a subpoena duces tecum for production of documents; (2) the trial judge's acknowledged personal and extra-judicial knowledge regarding facts asserted during that discovery dispute; and (3) the trial judge's acknowledged previous attorney-client relationship with the defendant, who he represented in another case. The defendant in the instant case is a City of Sweetwater police officer charged with official misconduct and fraud allegedly enabled by his status as a police officer. The criminal charges are being pursued by the Statewide Prosecutor.

After reviewing the petition, response, and record, this Court denied the petition without reaching the merits based on our finding that the motion to disqualify the trial judge was not timely filed. Thereafter, the State filed a motion for rehearing and clarification, arguing that because this Court issued its order denying the petition before the time had expired for the State to file its reply brief, this Court's order was premature. In its motion for rehearing, the State made the arguments it would have made had it been afforded the opportunity to file a reply. Because Florida Rule of Appellate Procedure 9.100(k) provides that "[w]ithin 20

2

days thereafter or such other time by the court, the petitioner may serve a reply . . . ," we treat the petitioner's motion for rehearing/clarification not only as such but also as a timely-filed reply.

"A motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." Valdes-Fauli v. Valdes-Fauli, 903 So. 2d 214, 216 (Fla. 3d DCA 2005). The allegations contained in the motion must be taken as true. Masten v. State, 159 So. 3d 996, 997 (Fla. 3d DCA 2015). Actual bias or prejudice need not be shown, rather it is the appearance of bias or prejudice which requires disqualification. Marcotte v. Gloeckner, 679 So. 2d 1225, 1226 (Fla. 5th DCA 1996).

In the instant criminal case, the State has charged the defendant with acting illegally and fraudulently while serving as a City of Sweetwater police officer. The trial judge represented this same police officer in his appeal against a police department in a separate case, and thus, the trial court developed an attorney-client relationship and became privy to confidential communications and insight with a defendant presently before him on criminal charges. This obvious conflict is compounded by the State's representations that the defendant's conduct in the instant case will be assessed, in part, against the laws, rules, and regulations that govern the conduct of Sweetwater Police Department employees. The trial judge

3

has admitted that he represented the City of Sweetwater in connection with the reorganization of its police department, he was familiar with the problems that led to the police department's reorganization, and he submitted a memo to the City of Sweetwater with his recommendations, which has subsequently been lost or destroyed.

While these allegations give rise to an objectively reasonable fear of bias or prejudice requiring disqualification of the trial judge, we are compelled to deny the petition for writ of prohibition because the motion to disqualify the trial judge was not timely filed. Florida Rule of Judicial Administration 2.330 provides that a motion to disqualify shall be filed within a reasonable time not to exceed ten days after discovery of the facts constituting the grounds for the motion. The motion to disqualify filed in the instant case on September 28, 2015, was predicated on disclosures made by counsel for the defendant and the trial court on July 15, 2015 and August 19, 2015. Thus, because the motion was not timely filed, see Crespo v. Crespo, 762 So. 2d 568, 569 (Fla. 3d DCA 2000), we are compelled to deny the instant petition. We, therefore, deny rehearing and grant clarification by issuance of this opinion. Although we have denied the petition, we note that rule 2.330(i) permits a judge to enter an order of disqualification on his own initiative. Fla. R. Jud. Adm. 2.330(i) ("**Judge's Initiative.** Nothing in this rule limits the judge's authority to enter an order of disqualification on the judge's own initiative.")

4

Petition denied.