# Third District Court of Appeal

## State of Florida

Opinion filed June 29, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-0773 & 3D21-945
Lower Tribunal No. 19-37110

_____

**Menada, Inc., etc.,**
Petitioner,

vs.

**Gabriela Arevalo, etc.,**
Respondent.

Writs of Certiorari to the Circuit Court for Miami-Dade County.

Lewis Brisbois Bisgaard & Smith LLP and Todd R. Ehrenreich and David L. Luck and Stefanie R. Phillips, for petitioner.

Podhurst Orseck, P.A. and Aaron S. Podhurst and Steven C. Marks and Stephen F. Rosenthal and Kristina M. Infante; Scott M. Sandler, P.A., and Scott M. Sandler, for respondent.

Before FERNANDEZ, C.J., and SCALES and LOBREE, JJ.

LOBREE, J.

Petitioner, defendant below, seeks writs of prohibition challenging orders denying its first and second disqualification motions based on alleged ex parte communication between respondent and the former-presiding judge in this wrongful death case. As to the order denying the first disqualification motion, we treat the petition for writ of prohibition as a petition for writ of certiorari,[1] grant relief, and quash the order. We also quash the order denying the second disqualification motion as having been entered by the trial court in the absence of jurisdiction.

Respondent filed suit in December 2019 against petitioner for the wrongful death of her son. The case was assigned to a circuit court judge in Section CA-08 in the General Jurisdiction Division of the Eleventh Judicial Circuit. The case proceeded before the judge until January 15, 2021, when, pursuant to standard judicial rotation procedures, the judge was transferred from the civil division to the family court division. The case then continued before the successor judge in the civil division. In March 2021, counsel was

---

[1] In response to our order to show cause why the matter is not moot given that the judge at issue no longer serves on the bench, petitioner represents that if we find it was entitled to disqualification, it intends to move for reconsideration of specific orders under Florida Rule of General Practice and Judicial Administration 2.330(j). In this circumstance, we exercise our authority to treat the petition for writ of prohibition as a petition for writ of certiorari. See Barber v. MacKenzie, 562 So. 2d 755, 757 (Fla. 3d DCA 1990); Pilkington v. Pilkington, 182 So. 3d 776, 778 (Fla. 5th DCA 2015).

contacted by the prior-presiding judge's judicial assistant in order to schedule a hearing on petitioner's motion for clarification as to an order entered by that judge before transferring out of the civil division. Petitioner objected to the prior-presiding judge hearing the motion, asserting that the case was now assigned to the successor judge, who had proceeded to hear matters in the case. The judicial assistant responded that "she had been notified that <u>the parties had requested</u> that [the prior judge] reassert his jurisdiction of the case." (Mot. Disqualify 18 ¶ 32) (emphasis in original). Petitioner then filed its first disqualification motion, alleging that the prior-presiding judge had engaged in improper ex parte communication with respondent's counsel, and that it was "never privy to any request or communication regarding any attempt to bring this action back before a judge now serving in the Family Division." <u>Id.</u> at 9. The prior-presiding judge denied the disqualification motion and conducted a hearing on the motion for clarification later the same day. The first of these petitions followed.

"The standard of review of a trial judge's determination on a motion to disqualify is de novo." <u>L. Offs. of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n</u>, 271 So. 3d 889, 893 (Fla. 2018) (quoting <u>Parker v. State</u>, 3 So. 3d 974, 982 (Fla. 2009)). "The standard for determining the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed

3

to be true, 'would place a reasonably prudent person in fear of not receiving a fair and impartial trial.'" Id. at 894 (quoting MacKenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332, 1335 (Fla. 1990)). "Actual bias or prejudice need not be shown, rather it is the appearance of bias or prejudice which requires disqualification." State v. Oliu, 183 So. 3d 1161, 1163 (Fla. 3d DCA 2016). "For that reason, in cases addressing motions for disqualification based on ex parte communications with a judge, the issue is not whether an ex parte communication *actually* prejudices one party at the expense of another. Instead, '[t]he impartiality of the trial judge must be beyond question.'" R.J. Reynolds Tobacco Co. v. Alonso, 268 So. 3d 151, 154 (Fla. 4th DCA 2019) (quoting Rose v. State, 601 So. 2d 1181, 1183 (Fla. 1992)); see also Rose, 601 So. 2d at 1183 ("The most insidious result of ex parte communications is their effect on the appearance of the impartiality of the tribunal.").

Respondent urges that the ex parte communication as alleged concerned only the scheduling of a hearing, which fits within the administrative exception to the prohibition on ex parte communications. Indeed, the Florida Supreme Court held in Rose that "a judge should not engage in *any* conversation about a pending case with only one of the parties participating in that conversation. Obviously, . . . this would not include

4

*strictly* administrative matters not dealing in any way with the merits of the case." 601 So. 2d at 1183. But the simple scheduling of a hearing is not what happened here.

Taking the facts of the disqualification motion as true, as we must, the ex parte contact went beyond the administrative scheduling of a hearing and ventured into merits-based communication concerning the prior-presiding judge's retention of this case after having been transferred out of the division, and after the successor judge in the civil division had proceeded in the case. To be sure, such a procedural mechanism for retaining a case after judicial rotation to another division exits, but not without authorization from the Chief Judge of the Eleventh Judicial Circuit or one of her designated Administrative Judges. See Eleventh Judicial Circuit Administrative Order 08-07 (providing that "[n]o case shall be retained or heard by a Judge when transferred to another division" and setting forth five exceptions to the Order including "[i]n the interest of justice and judicial economy, with the approval of the Administrative Judges involved"). However, there is no record evidence that any such approval was given, and none of the exceptions set forth in AO 08-07 apply here. Thus, we find that petitioner could have "an objectively reasonable, well-grounded fear of not receiving a fair and impartial trial," Rodgers v. State, 948 So. 2d 655, 673 (Fla. 2006), and conclude that

5

disqualification was appropriate. We therefore grant the petition and quash the order denying petitioner's first disqualification motion.

The prior-presiding judge also denied petitioner's second disqualification motion, which alleged that the judge had improperly commented on the merits of the first disqualification motion at the hearing on the motion for clarification. See, e.g., Stelzer v. Chin, 987 So. 2d 785, 785-86 (Fla. 3d DCA 2008) (stating rule that trial court exceeds proper scope of inquiry on motion to disqualify by addressing merits of motion). The denial was entered one day after we had entered an order to show cause that stayed proceedings in the trial court. See Fla. R. App. P. 9.100(h) ("In prohibition proceedings, the issuance of an order directing the respondent to show cause shall stay further proceedings in the lower tribunal."). Because the trial court lacked jurisdiction to enter an order while our stay was in place, the order is a nullity. Dragomirecky v. Town of Ponce Inlet, 891 So. 2d 633, 634 (Fla. 5th DCA 2005) ("[A]n order entered without jurisdiction is a nullity, and cannot be considered harmless error."). Accordingly, we also grant the second petition and quash the order denying petitioner's second motion for disqualification. See Webking v. Webking, No. 1D21-3496, 2022 WL 2187210 (Fla. 1st DCA June 17, 2022); Stokes v. Jones, 317 So. 3d 262,

6

263 (Fla. 1st DCA 2021); <u>Ming v. NS FOA, LLC</u>, 291 So. 3d 144, 145–46 (Fla. 4th DCA 2020).

Petitions granted; orders quashed.