# Supreme Court of Florida

_____

No. SC2022-1732

_____

**RANDY W. TUNDIDOR,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

April 13, 2023

PER CURIAM.

Randy W. Tundidor, a prisoner under sentence of death, has filed a petition seeking review of a nonfinal order denying his motion to disqualify the judge assigned to preside over his postconviction proceedings, which we treat as a petition for a writ of prohibition. We have jurisdiction. *See* art. V, § 3(b)(7), Fla. Const.

## I. BACKGROUND

Tundidor has been convicted of first-degree murder and sentenced to death. In 2019, he filed an initial "Motion to Vacate Judgments of Conviction and Sentence With Special Request For

Leave To Amend," which is currently pending an amendment in the trial court. Judge Elizabeth Scherer is assigned to preside over Tundidor's postconviction proceedings.

On November 21, 2022, Tundidor filed a motion to disqualify Judge Scherer "due to the appearance of impropriety and actual bias." Judge Scherer recently presided over the capital trial proceedings of Nikolas Cruz, who is widely known for killing seventeen people at Marjory Stoneman Douglas High School in Parkland, Florida, on February 14, 2018. In his motion, Tundidor alleged that Judge Scherer was accused of conduct in the Cruz case that has been viewed as exhibiting bias against the defense and defense counsel, and which was widely reported in local, national, and international press, and streamed live on social media. Specifically, Tundidor alleged that during Cruz's sentencing hearing on November 1, 2022, Judge Scherer engaged in heated exchanges with Cruz's defense team, during which she accused a member of threatening her children and told two members to "go sit down." Tundidor further alleged that on November 2, 2022, immediately after sentencing Cruz, Judge Scherer left the bench and, while still in her judicial robe, exchanged hugs with the victims' families and

members of the prosecution team, one of whom was Assistant State Attorney Steven Klinger, who is also the prosecutor in Tundidor's case. Tundidor also alleged that while off the record at a status hearing in Tundidor's case on November 4, 2022, Judge Scherer "sympathetically" asked ASA Klinger how he was doing. According to Tundidor, "Klinger responded to the effect that 'words cannot describe' how he felt" and that "he was doing better than his mother," " 'who follows the news.' " Tundidor's motion stated that although neither Judge Scherer nor ASA Klinger mentioned the Cruz case explicitly at the November 4 hearing, "given the circumstances and events of the previous two days and ASA Klinger's reference to 'the news,' counsel verily believes that Judge Scherer and Mr. Klinger were commiserating over their shared disappointment at the outcome of that case." Based on these occurrences, Tundidor wrote:

> The circumstances of this case are of such a nature that they are sufficient to warrant an objectively reasonable fear on Mr. Tundidor's part that he would not receive a fair hearing before Judge Scherer. *Suarez v. Dugger*, 527 So. 2d 190, 192 (Fla. 1988). Judge Scherer's conduct, both at the Cruz proceedings and that witnessed at the November 4 hearing in Mr. Tundidor's case, raises the appearance of impropriety and/or actual bias in favor of the State. Judge Scherer's hugging the

Assistant State Attorney prosecuting Mr. Tundidor, and then commiserating with that same prosecutor at a hearing in Mr. Tundidor's case, shows that she shares a special relationship with the prosecutor and bias in favor of the State. Under the facts stated in this motion, any capital defendant would have an objectively, well-founded, reasonable fear that he would not receive a fair hearing. Mr. Tundidor reasonably fears that he cannot receive a fair hearing before Judge Scherer.

Judge Scherer denied Tundidor's motion to disqualify on November 28, 2022, stating summarily that the allegations contained therein were legally insufficient to merit disqualification. On December 15, 2022, Tundidor sought relief from that order by filing the instant petition in this Court.

As an initial matter, we treat Tundidor's petition as one for a writ of prohibition, which is "the proper avenue for immediate review of whether a motion to disqualify a trial judge has been correctly denied." *Sutton v. State*, 975 So. 2d 1073, 1076 (Fla. 2008) (citing *Bundy v. Rudd*, 366 So. 2d 440, 442 (Fla. 1978) ("Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy.")).

Florida Rule of General Practice and Judicial Administration 2.330 sets forth the grounds for a motion to disqualify and states, in relevant part, that

> [a] motion to disqualify shall set forth all specific and material facts upon which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) the party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge[.]

Fla. R. Gen. Prac. & Jud. Admin. 2.330(e)(1). "The judge against whom an initial motion to disqualify under subdivision (e) is directed may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." Fla. R. Gen. Prac. & Jud. Admin. 2.330(h). "If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action." *Id.* "The standard for determining the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, 'would place a reasonably prudent person in fear of not receiving a fair and impartial trial.'" *L. Offs. of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n*, 271 So. 3d 889, 894 (Fla. 2018) (quoting *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332, 1335 (Fla. 1990)). "Actual bias or prejudice need not be shown, rather it is the appearance of bias or prejudice which requires

disqualification." *State v. Oliu*, 183 So. 3d 1161, 1163 (Fla. 3d DCA 2016). "A mere 'subjective fear[ ]' of bias [or prejudice] will not be legally sufficient; rather, the fear must be objectively reasonable." *Arbelaez v. State*, 898 So. 2d 25, 41 (Fla. 2005) (first alteration in original) (quoting *Fischer v. Knuck*, 497 So. 2d 240, 242 (Fla. 1986)). "The standard of review of a trial judge's determination on a motion to disqualify is de novo." *Parker v. State*, 3 So. 3d 974, 982 (Fla. 2009).

Tundidor asserted in his motion that Judge Scherer's conduct at the Cruz proceedings and that was witnessed by Tundidor at the November 4, 2022, hearing in his own case, raises the appearance of actual bias in favor of the State and would leave any capital defendant, including himself, with an objective, well-founded, and reasonable fear that he would not receive a fair hearing before Judge Scherer. The law does not require Tundidor to show that Judge Scherer is actually biased or unable to be impartial. Rather, "[t]he question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially." *Livingston v. State*, 441 So. 2d 1083, 1086 (Fla. 1983).

We conclude that the combination of certain circumstances contained in the allegations in Tundidor's motion regarding the actions of Judge Scherer in the Cruz case on November 2, 2022, and in Tundidor's case on November 4, 2022, which he alleged showed a sympathy with the State that was linked to the outcome of another capital case, would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial proceeding. The crucial facts that together were sufficient to create such a well-founded fear are the hugging of ASA Klinger by Judge Scherer—in the court room while still wearing a robe—at the conclusion of the Cruz murder case, and the personal exchange between Judge Scherer and ASA Klinger two days later, during Tundidor's postconviction proceedings, in which the judge commiserated with Klinger.

Because Tundidor's motion provided a legally sufficient basis for disqualification, the trial court erred in denying it. We therefore quash the order denying it, grant a writ of prohibition, and direct the circuit court to reassign Tundidor's case.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Broward County
    Elizabeth Scherer, Judge
    Case No. 062010CF006496A88810

Suzanne Keffer, Capital Collateral Regional Counsel, Paul Kalil, Assistant Capital Collateral Regional Counsel, and Courtney Hammer, Staff Attorney, Southern Region, Fort Lauderdale, Florida,

    for Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, and Leslie T. Campbell, Senior Assistant Attorney General, West Palm Beach, Florida,

    for Respondent