PER CURIAM.
Defendant-appellant seeks review of the trial court’s denial of his motion to vacate judgment and sentence pursuant to R.Cr.P. 3.850.
*922 In 1969 defendant was adjudicated guilty of murder in the first degree and sentenced to death. Following the U. S. Supreme Court’s decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), defendant’s death sentence was commuted and defendant was resentenced to life imprisonment. On June 11, 1974 appellant filed his motion to vacate in which he sought an immediate release or in the alternative a new trial. The motion was denied and this appeal followed. The three grounds contained in his motion to vacate now are presented as his points on appeal.
First, appellant contends that the trial court was without authority to resen-tence him. We can not agree.
The Florida Supreme Court in Anderson v. State, Fla.1972, 267 So.2d 8 held that with the elimination of the death penalty for murder in the first degree, the only sentence which now could be imposed upon conviction of the crime of murder in the first degree is life imprisonment which is an automatic sentence and a reduction from the sentence previously imposed.
Appellant secondly urges as error the trial court’s denial of his motion to vacate alleging improper selection of defendant’s grand and petit juries. It affirmatively appears that appellant failed to make timely objection thereto and thus this point must fail. See State v. Silva, Fla.1972, 259 So.2d 153.
Lastly defendant contends that he was denied counsel at his preliminary hearing thus the' trial court erred in denying his motion based upon this ground therefor.
In Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed 387, (1970) the U. S. Supreme Court held that a preliminary hearing was a critical stage of the prosecution so as to constitutionally require the furnishing of counsel to protect the rights of defendants. However in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed 202 (1972) the Supreme Court decided that Coleman, supra should not be given retroactive application. Appellant’s prosecution being in 1969, we find this point of appellant is lacking in merit.
Accordingly the order of denial herein appealed is affirmed.
Affirmed.