498 So.2d 414 (1986)
Walter Gale STEINHORST, Appellant,
v.
STATE of Florida, Appellee.
No. 69659.
Supreme Court of Florida.
November 26, 1986.
Larry Helm Spalding, Capital Collateral Representative and Mark Evan Olive, Litigation Coordinator, Office of the Capital Collateral Representative, Tallahassee, and Stephen D. Alexander of Fried, Frank, Harris, Shriver & Jacobson, New York City, for appellant.
Jim Smith, Atty. Gen., and Kurt L. Barch, Gregory G. Costas and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from the summary denial by the circuit court of appellant's motion to vacate, set aside or correct judgments and sentences, filed under Florida Rule of Criminal Procedure 3.850. Appellant argues that the circuit court erred in denying the motion without examination of the record of appellant's trial. A state prisoner under sentence of death, appellant seeks a stay of his scheduled execution.
Where a motion for post-conviction relief under rule 3.850 lacks any substantial *415 factual allegations, or where the facts alleged, even if true, would not render the judgment vulnerable to collateral attack, the motion may be summarily denied without examination of the record. But where the motion contains allegations of substantial material facts stating a claim cognizable in post-conviction proceedings, the motion must be evaluated in light of the trial record. Steinhorst's allegations were sufficiently adequate to at least require an examination of the record.
It appears in this case that the circuit court judge did not examine the trial record and did not have the record before him when ruling on appellant's rule 3.850 motion.
Rule 3.850 provides in pertinent part as follows:
If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall order the State Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. The answer shall respond to the allegations of the motion. In addition it shall state whether the movant has used any other available state remedies including any other post-conviction motion under this rule. The answer shall also state whether an evidentiary hearing was accorded the movant. If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and the court shall cause notice thereof to be served upon the state attorney, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.
We find that in denying appellant's motion without examination of the trial record, the circuit court erred. We therefore grant the application for a stay of execution, vacate the circuit court's order, and remand for further appropriate proceedings under rule 3.850, including the filing of a response by the state attorney as provided for by the rule.
The order appealed is reversed and the case is remanded for further proceedings.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, J., dissents.