636 So.2d 498 (1994)
Walter Gale STEINHORST, Petitioner,
v.
STATE of Florida, Respondent.
No. 82188.
Supreme Court of Florida.
April 21, 1994.
*499 Stephen D. Alexander and Anthony G. Graham of Fried, Frank, Harris, Shriver & Jacobson, Los Angeles, CA, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We have on appeal an order of the trial court denying relief to Walter Gale Steinhorst, an inmate under sentence of death. The facts of the crime and procedural history of this case are outlined in the prior opinions *500 of Florida courts. Steinhorst v. State, 574 So.2d 1075 (Fla. 1991); Steinhorst v. State, 498 So.2d 414 (Fla. 1986); Steinhorst v. Wainwright, 477 So.2d 537 (Fla. 1985); Steinhorst v. State, 412 So.2d 332 (Fla. 1982). See also Steinhorst v. State, 438 So.2d 992 (Fla. 1st DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
The relevant facts at hand are as follows. This Court previously ordered the trial court below to conduct a full evidentiary hearing pursuant to Steinhorst's petition for relief pursuant to Florida Rule of Criminal Procedure 3.850. Steinhorst, 498 So.2d at 415. After an evidentiary hearing on Steinhorst's 3.850 motion, Circuit Judge W. Fred Turner denied relief in 1988. This Court affirmed the denial of relief in January 1991. Steinhorst, 574 So.2d at 1078. In October 1991, Steinhorst filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540, seeking to have Judge Turner's judgment on the 3.850 motion declared null and void due to the judge's undisclosed conflict of interest. Circuit Judge Don T. Sirmons denied relief on the following bases: rule 1.540 is not the proper method to collaterally attack a criminal judgment and sentence under Florida law; a rule 3.850 motion would be untimely and successive; no merit to the claim that Judge Turner should have recused himself from consideration of Steinhorst's 3.850 motion; and orders entered by judges subject to disqualification are not void and are not subject to collateral attack. Steinhorst appealed Judge Sirmons' denial to this Court.
First, we note that we agree with the trial court that rule 1.540 is not applicable in this case. By its own terms, rule 1.540 applies only to civil causes, not to collateral claims associated with a criminal conviction. However, the court below should have treated this as a 3.850 motion, which would not be barred as untimely or successive if "facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Fla.R.Crim.P. 3.850(b)(1); see also art. V, § 2(a), Fla. Const. ("no cause shall be dismissed because an improper remedy has been sought").
Steinhorst calls this Court's attention to a fact previously not disclosed to us. Prior to becoming a judge, Judge Turner had represented and advised the estate of one of the victims whom Steinhorst was convicted of killing. This representation included giving counsel to the victim's family and the possibility of pursuing a wrongful death or other tort claim on behalf of the victim's estate. Judge Turner recognized the potential for serious conflict and entered an order of recusal in the trial of one of Steinhorst's codefendants. No such recusal was ordered here, nor did the judge notify the parties of the potential conflict, even though the reasons for recusal applied equally to both cases.
The State calls our attention to the fact that section 38.06, Florida Statutes (1991), appears to render "valid" any order entered by an otherwise-recusable judge when a party has failed to file a timely suggestion of disqualification. Here, the defense did in fact fail to file such a motion in the proceeding in question. However, the defense contends that the failure to determine the trial court's potential conflict occurred in part because the relevant records had been misplaced by the office of the court clerk below. We have no way of knowing if this contention is true, because the trial court below conducted no evidentiary hearing.
If the information regarding the judge's potential conflict was reasonably available and Steinhorst did not move to recuse the judge, then the right to recuse the judge was waived. See § 38.02, Fla. Stat. (1991) (suggestion of disqualification must be filed within thirty days after party or attorney learns of ground for disqualification or ground considered waived).
However, if the relevant records were not reasonably available to Steinhorst and the conflict could not be ascertained by the exercise of due diligence, then the prior recusal would constitute newly-discovered evidence properly cognizable in a 3.850 motion. Moreover, such evidence would present grave due process concerns. A judge who is recused from a codefendant's case also must *501 be recused from another codefendant's case if the reasons for recusal apply equally to both. There is no other conclusion that is consistent with one of the most important dictates of due process: that proceedings involving criminal charges, and especially the death penalty, must both be and appear to be fundamentally fair. As this Court has noted in Scull v. State, 569 So.2d 1251, 1252 (Fla. 1990):
One of the most basic tenets of Florida law is the requirement that all proceedings affecting life, liberty, or property must be conducted according to due process. Art. I, § 9, Fla. Const... . "[D]ue process" embodies a fundamental conception of fairness that derives ultimately from the natural rights of all individuals. See art. I, § 9, Fla. Const.
Thus, if the trial court determines that the "facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence," Fla. R.Crim.P. 3.850(b)(1), then it should grant the motion for postconviction relief, vacate the 3.850 judgment entered by Judge Turner, and conduct a new evidentiary proceeding pursuant to rule 3.850 and this Court's opinion in Steinhorst, 498 So.2d at 414-15.
Accordingly, we remand this cause for a factual determination regarding the availability of the relevant records and whether Steinhorst waived the issue of recusal. Based upon our disposition of this matter, we do not address the other matters raised by Steinhorst.
It is so ordered.
SHAW and HARDING, JJ., concur.
BARKETT, C.J., concurs specially.
KOGAN, J., concurs specially with an opinion, in which BARKETT, C.J., concurs.
McDONALD, J., dissents with an opinion, in which OVERTON and GRIMES, JJ., concur.
KOGAN, Justice, specially concurring.
The appearance of impropriety at issue here was so grave that I believe due process has been seriously violated, creating fundamental error under the due process clause of the Florida Constitution. A judge who has represented the estate and family of a murder victim never should preside over the 3.850 proceeding of the alleged murderer, and especially where that same judge was recused from the case of a co-perpetrator on the exact same issues. Art. I, § 9, Fla. Const. No matter what section 38.06 says, a statute cannot supersede a provision of the Constitution.
I agree with the majority as far as it goes but would go further. I would order that a new and impartial trial judge be appointed to hold a new evidentiary proceeding pursuant to Rule 3.850 and this Court's opinion in Steinhorst, 498 So.2d at 414-15. I agree with the majority's general statements about due process in this instance but believe the violation is so grave here that the due process claim is nonwaivable under any construction of the facts.
BARKETT, C.J., concurs.
McDONALD, Justice, dissenting.
It stretches the imagination to order further proceedings or to give Steinhorst any additional relief. He has been convicted and sentenced and we have affirmed. He has had two 3.850 proceedings, the latter of which we have affirmed, although two members of the court disagreed. There was nothing constitutionally or procedurally infirm about those proceedings.
Judge Turner was the judge on the two 3.850 hearings although he was not the original trial judge. The murders for which Steinhorst stands convicted occurred in 1977. Reputedly Judge Turner represented an estate of one of the victims. That had to have occurred in 1977 or early 1978 because Judge Turner became a circuit judge in 1978. Apparently Judge Turner recused himself from the original criminal trial of a co-defendant of Steinhorst. We do not know why he took that action, but whatever the reason, when Judge Turner participated in any way in these proceedings he could not have been disqualified based on the prior estate representation or his prior recusal.
*502 The majority opinion makes meaningless the provisions of Chapter 38, Florida Statutes (1985). No grounds for his disqualification as enunciated in that statute are present. The opinion eviscerates the provisions of section 38.06 which validates all orders of a judge even if he had been disqualified. It doesn't matter whether or not Steinhorst or his counsel knew and previously failed to raise Turner's old relations with the victim's family. That relationship was not legally disqualifying, and considering the years that have transpired between any representation of the estate and the time of the 3.850 hearing, would give the trial judge no concern in hearing this criminal collateral attack on a previously affirmed conviction.
In denying this latest effort for relief, Judge Sirmons was aware of the history and any implication of Judge Turner's lawyering before he was a judge. He correctly held that this was no ground for a retrial of the 3.850 issues. I thoroughly agree. We should deny and put this case to rest.
OVERTON and GRIMES, JJ., concur.