ROTHENBERG, Judge.
The defendant, Roosevelt Holmes, Jr. (“Holmes”), appeals the trial court’s order entered on August 30, 2005, denying his motion for postconviction relief, finding that the motion was procedurally barred because the motion was either successive and/or the claims raised in the motion could have been raised on direct appeal. As we conclude that claims # 1, # 2 and *62 #4 could have been raised on direct appeal, we affirm the denial of the defendant’s motion regarding these claims. As to the remaining claims we reverse and remand for an evidentiary hearing, as they are neither successive nor claims which could have been raised on direct appeal.
Holmes was convicted of robbery with a firearm, aggravated battery with a firearm, and grand theft. His convictions and the sentences imposed were affirmed on appeal on June 23, 2004, Holmes v. State, 878 So.2d 420 (Fla. 3d DCA 2004), with a mandate being issued on August 20, 2004. During the pendency of the direct appeal and prior to a ruling by this court, Holmes filed a motion for relief of judgment under Florida Rule of Civil Procedure 1.540, which was denied by the trial court on March 13, 2004. Additionally, Holmes filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), wherein he alleged that his habitual violent offender sentence was illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was also denied by the trial court on August 24, 2004. The instant 3.850 motion was filed on April 8, 2005, and was denied by the trial court as successive and/or because the claims which were made could have been raised on direct appeal and are, therefore, procedurally barred.
We write to explain the understandable confusion which perhaps led to the trial court’s ruling. Generally, Florida Rule of Civil Procedure 1.540 is an improper mechanism to collaterally attack a conviction, see Steinhorst v. State, 636 So.2d 498, 500 (Fla.1994); Williams v. State, 925 So.2d 427 (Fla. 3d DCA 2006), and may render a subsequently filed 3.850 motion successive. In this case, however, as the 1.540 motion was filed and ruled upon while the defendant’s direct appeal was pending, the 1.540 motion must be treated as a nullity and a subsequently filed 3.850 motion is not considered a successive motion. See Daniels v. State, 712 So.2d 765 (Fla.1998).
We, therefore, affirm the denial of claims #1, #2, and # 4, wherein the defendant claims that his Fifth Amendment rights were violated, challenges the racial composition of the jury, and claims that the prosecutor committed prosecutorial misconduct by offering perjured testimony, respectively, since these are claims which could have been raised on direct appeal. We reverse the remaining claims, # 3 and # 5-9 which are based upon allegations of ineffective assistance of counsel and remand for an evidentiary hearing as to those claims.
Affirmed in part; reversed and remanded in part.