KELLY, Judge.
Alexander Joseph Barrett appeals the trial court’s dismissal of his “motion to correct judgment and sentence” filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because we conclude the trial court erred in finding it lacked jurisdiction to rule on Barrett’s motion, we reverse.
Barrett was charged by information with two counts of trafficking in hydrocodone. His mother posted a $200,000 cash appearance bond with the Pinellas County Sheriffs Office. Barrett’s bond was thereafter reduced and $180,000 was returned to Ms. Barrett. The sheriffs office retained $20,000 to secure Barrett’s appearance in court.
Barrett eventually pleaded guilty to the charged offenses and was sentenced on both counts to five years’ incarceration with a three-year minimum mandatory term. The court ordered Barrett to pay $150,000 in fines and court costs, reduced all of his outstanding financial obligations to liens, and directed the clerk of court to return the $20,000 cash appearance bond to Ms. Barrett. However, when Ms. Barrett attempted to collect the funds, the clerk’s office refused to return the money, informed her that the court lacked the authority to order that the bond be returned to her, and advised her that the $20,000 had been released to the State.
Barrett filed a “motion to correct judgment and sentence” asking the court to *1261 correct the judgment and sentence so that it would direct that the $20,000 bond be returned to Ms. Barrett. In his memorandum of law, Barrett invoked Florida Rule of Criminal Procedure 3.800(a) in support of his motion and argued that at a minimum, the court must correct the judgment and sentence to reflect the trial court’s oral pronouncement. Barrett also argued that additional relief was appropriate because the clerk had no authority to refuse to return the money as ordered by-the court. The trial court determined that it had no jurisdiction to rule on the merits of Barrett’s motion because his claim was not properly raised under rule 3.800(a). The trial court did, however, order that Barrett’s written judgment and sentence be corrected to reflect the court’s oral ruling canceling the cash bond and returning the funds to Ms. Barrett.
On appeal, Barrett argues that rule 3.800(a) is the proper vehicle to obtain the relief he seeks and that the trial court erred in dismissing his motion for lack of jurisdiction because the court had jurisdiction to enforce its order directing the clerk to return the $20,000. The State argues that Barrett’s motion was properly dismissed because the release of the bond is not part of his sentence and the alleged error is not apparent on the face of the record as is required under .rule 3.800(a). Although we agree that rule 3.800(a) was not the proper vehicle for Barrett to obtain the relief he sought, the trial court erred in dismissing Barrett’s motion for lack of jurisdiction.
Article V, section 2(a) of the Florida Constitution requires that no cause be dismissed because an improper remedy has been sought. Accordingly, the trial court should have considered whether Barrett had alleged sufficient facts to warrant relief and, if so, treated his motion as if the proper remedy had been sought. See Cav-erly v. State, 436 So.2d 191 (Fla. 2d DCA 1983) (holding that where the defendant’s petition requested the wrong remedy but alleged sufficient facts to warrant relief, the trial court should have treated the petition as if the correct remedy had been sought). Barrett alleges that the clerk’s office refused to obey the court’s order to refund the $20,000 to Ms. Barrett after unilaterally concluding that the court was not authorized to return the bond' money to her. The clerk is merely a ministerial officer of the court and has no authority to contest the validity of a court’s order .issued in the performance of its judicial function. State v. Almand, 75 So.2d 905 (Fla.1954); Corbin v. State, 324 So.2d 203 (Fla. 1st DCA 1975). Accordingly, we conclude that the facts Barrett alleged were sufficient to warrant relief and that the trial, court should have treated his motion as a petition for a writ of mandamus. We therefore reverse the order dismissing Barrett’s motion- to correct his judgment and sentence. On remand, the trial court is directed to treat Barrett’s motion as a petition for writ of mandamus directed to the clerk and resolve it on the merits.
Reversed and remanded with directions.
NORTHCUTT, C.J., and WHATLEY, J., Concur.