971 So.2d 818 (2007)
Bobby Allen BRYANT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-339.
District Court of Appeal of Florida, Third District.
October 10, 2007.
Rehearing and Rehearing Denied January 2, 2008.
Bobby A. Bryant, in proper person.
Bill McCollum, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.
Before COPE and WELLS, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied January 2, 2008.
COPE, J.
Bobby Allen Bryant filed a motion under Florida Rule of Civil Procedure 1.540, seeking to attack his conviction and sentence for first degree murder committed in 1968. The trial court denied the motion, and defendant-appellant Bryant has appealed.
The defendant was incorrect to file a motion under Rule 1.540. The Florida Supreme Court has said, "[B]y its own terms, Rule 1.540 applies only to civil causes, not to collateral claims associated with a criminal conviction." Steinhorst v. State, 636 So.2d 498, 500 (Fla.1994); see also Williams v. State, 925 So.2d 427 (Fla. 3d DCA 2006). When such a motion is filed, it is to be treated as if it had been filed under the correct postconviction rule. See Steinhorst, 636 So.2d at 500; Williams, 925 So.2d at 428.
A claim that the trial court was without jurisdiction may be raised under Florida Rule of Criminal Procedure 3.850(a)(3). Under the case law, "absence of jurisdiction may be raised at any time." Harris v. State, 854 So.2d 703, 705 (Fla. 3d DCA 2003), and cases cited therein.
Treating the motion as having been filed under Rule 3.850, the motion was correctly denied. Defendant-appellant Bryant maintains that the circuit court was without jurisdiction to try him because he was seventeen at the time he committed his crime in 1968. The defendant maintains he should have been tried in the juvenile court.
The defendant's argument is based on a mistaken premise. In 1968 a juvenile was a person who was under the age of seventeen at the time of the crime. See § 39.01(6), Fla. Stat. (1967). A person who had attained the age of seventeen was treated as an adult. Id. at § 39.01(7). Since the defendant was seventeen at the time he committed the crime, he was an adult for purposes of the criminal law, and was properly prosecuted as an adult.[*]
*820 The defendant has requested that the lower tribunal number be corrected. That point has merit. The defendant's first degree murder case was one in which the death penalty was sought. See Bryant v. State, 307 So.2d 921 (Fla. 3d DCA 1975). Under the numbering system in effect at the time, the correct lower tribunal number was 2532. We remand for correction of the lower tribunal number.
Affirmed; remanded for correction of lower tribunal number.
NOTES
[*] Although not relevant for this appeal, the juvenile court became part of the circuit court in 1973. See § 26.012(2)(a), Fla. Stat. (Supp. 1972); ch. 72-404, §§ 3, 31, Laws of Fla.; S.J. Res. 52-D, 1972 Laws of Fla., 97,112.