WALLIS, J.
Gregory Duncan appeals the trial court's summary denial of his Motion for Relief from Judgment, Decrees, or Orders filed pursuant to Florida Rule of Civil Procedure 1.540(b). Because the trial court erred when it denied the motion without affording Appellant the opportunity to amend, we reverse and remand.
Appellant was convicted and sentenced for failing to obtain a Florida Driver's License or Identification Card within forty-eight hours of registering with the Sheriff's Office in violation of section 943.0435, Florida Statutes (2016). In his Rule 1.540(b) motion, Appellant alleges violations of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), because trial witnesses testified falsely, which resulted in a fraud being committed upon the trial court. The trial court denied Appellant's motion without elaboration.
Although Rule 1.540 is limited to civil causes of action, the Florida Supreme Court has stated that courts should treat an erroneously filed Rule 1.540 motion in a *927 criminal case that collaterally attacks the criminal conviction as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Steinhorst v. State, 636 So.2d 498, 500 (Fla. 1994) ("[T]he court below should have treated this as a 3.850 motion, which would not be barred as untimely or successive if 'facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence.' " (quoting Fla. R. Crim. P. 3.850(b)(1) ; and citing art. V, § 2(a), Fla. Const.) ); see also Cannon v. State, 206 So.3d 831, 833-34 (Fla. 1st DCA 2016) (holding the trial court should have treated a defendant's motion to set aside, which was made without reference to a rule, as a Rule 3.850 motion); Barrett v. State, 965 So.2d 1260, 1261 (Fla. 2d DCA 2007) ("Article V, section 2(a) of the Florida Constitution requires that no cause be dismissed because an improper remedy has been sought. Accordingly, the trial court should have considered whether Barrett had alleged sufficient facts to warrant relief and, if so, treated his motion as if the proper remedy had been sought."). Because Appellant's Rule 1.540(b) motion collaterally attacks his criminal conviction, the trial court should have treated the motion as filed pursuant to Rule 3.850.
However, treating the motion as a Rule 3.850 motion, Appellant failed to allege facially sufficient claims and include the contents and oath required by Rule 3.850. See Fla. R. Crim. P. 3.850(c). Under these circumstances, the trial court should have struck the motion as facially insufficient and granted Appellant the opportunity to amend. See Fla. R. Crim. P. 3.850(f)(2) ; Spera v. State, 971 So.2d 754, 761 (Fla. 2007) ("[W]hen a defendant's initial Rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.").
Accordingly, we reverse and remand this case for the trial court to treat the Rule 1.540(b) motion as a Rule 3.850 motion, strike the motion as insufficient, and grant Appellant the opportunity to file a facially sufficient Rule 3.850 motion. See Steinhorst, 636 So.2d at 500 ; Cannon, 206 So.3d at 833-34 ; Barrett, 965 So.2d at 1261.
REVERSED and REMANDED with Instructions.
EISNAUGLE and GROSSHANS, JJ., concur.