# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-2591
Lower Tribunal No. 2007-CF-004511

_____

ANGEL DANIEL CARABALLO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
Tanya Davis Wilson, Judge.

October 24, 2025

MIZE, J.

Appellant, Angel Daniel Caraballo ("Caraballo"), appeals the dismissal of his pro se motion to set aside judgment filed pursuant to Florida Rule of Civil Procedure 1.540. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Because the lower court erroneously treated Caraballo's motion as untimely filed under Florida Rule of Civil Procedure 1.540(b), we reverse and remand for the lower court to consider the claims in Caraballo's motion pursuant to Florida Rule of Criminal Procedure 3.850(b) and (h).

Caraballo was convicted of eight counts of sexual offenses involving a child in 2009. The Fifth District Court of Appeal affirmed Caraballo's conviction and sentence. *Caraballo v. State*, 68 So. 3d 249 (Fla. 5th DCA 2011) (per curiam).

On June 1, 2012, Caraballo filed a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The lower court permitted him to amend and supplement the motion several times before considering his single claim that his trial counsel was ineffective for failing to investigate his competency. After an evidentiary hearing, the lower court denied Caraballo's motion on February 5, 2018, finding that trial counsel's testimony was credible that he did not request a competency evaluation for Caraballo because he did not have concerns about Caraballo's competency. The Fifth District Court of Appeal affirmed without an opinion in *Caraballo v. State*, 265 So. 3d 633 (Fla. 5th DCA 2019).

On June 19, 2022, Caraballo filed a motion pursuant to Florida Rule of Civil Procedure 1.540(b)(3) to set aside the lower court's February 5, 2018 order denying his rule 3.850 motion. Caraballo's rule 1.540 motion alleged that trial counsel had committed fraud upon the lower court because trial counsel had listed Caraballo's competency as one of two theories of defense in his case notes that Caraballo obtained, contrary to trial counsel's testimony at the rule 3.850 hearing that he did not have concerns about Caraballo's competency. The lower court dismissed Caraballo's rule 1.540 motion, finding it untimely because under rule 1.540, a

motion alleging fraud must be filed not more than one year after the judgment was entered.

"[P]ostconviction relief proceedings, while technically classified as civil actions, are actually quasi-criminal in nature because they are heard and disposed of by courts with criminal jurisdiction." *Darling v. State*, 45 So. 3d 444, 450 (Fla. 2010) (emphasis omitted) (quoting *State ex rel. Butterworth v. Kenny*, 714 So. 2d 404, 409-10 (Fla. 1998), *receded from on other grounds by Darling*, 45 So. 3d 444); *see also State v. Weeks*, 166 So. 2d 892, 898 (Fla. 1964) (pointing out that a motion under Rule 1, the predecessor to Florida Rule of Criminal Procedure 3.850,[1] is "hybrid in character" because it is a "collateral assault on a criminal conviction" but "does not constitute a step in a criminal prosecution"). The Florida Supreme Court explained why, although a postconviction proceeding is "civil in nature,"[2] it is conducted under the criminal rules of procedure:

> When a person brings an action which challenges an underlying criminal conviction or sentence, it obviously is intended to affect the underlying criminal proceeding. Since it is being brought by a private citizen seeking judicial relief, it is often technically classified as a civil action. However, in such instances, it would seem that the denomination "civil" is used merely to indicate that the action is not one brought in the proceeding initiated by the State alleging criminal actions. Hence, when a "civil" writ petition is also referred to as

---

[1] *Baker v. State*, 878 So. 2d 1236, 1239-42 (Fla. 2004) (discussing the history of Florida Rule of Criminal Procedure 3.850).

[2] *Weeks*, 166 So. 2d at 895 (using the term "civil in nature" to describe postconviction collateral proceedings).

"collateral criminal," the term actually refers to the underlying subject matter of the action, and the fact that the petition seeks judicial relief from the judgment and sanctions imposed in the criminal prosecution. It is not considered a pure criminal action since it is brought by a private party outside of the criminal prosecution that has resulted in a criminal judgment against the affected party.

*Saucer v. State*, 779 So. 2d 261, 262-63 (Fla. 2001) (footnote omitted).

In keeping with this concept, the Florida Supreme Court also promulgated rule 3.010, which specifically requires that the rules of criminal procedure govern rule 3.850 proceedings, thus emphasizing that although civil in nature, such proceedings would not be governed by the civil rules of procedure. Fla. R. Crim. P. 3.010 ("These rules shall govern the procedure in all criminal proceedings in state courts including proceedings involving direct and indirect criminal contempt, proceedings under rule 3.850, and criminal traffic offenses . . . .").

We reverse the lower court's order dismissing Caraballo's rule 1.540 motion for two reasons. First, the postconviction court should have treated Caraballo's rule 1.540 motion as having been filed under the correct rule, Florida Rule of Criminal Procedure 3.850. *Steinhorst v. State*, 636 So. 2d 498, 500 (Fla. 1994) (citing Art. V, § 2(a), Fla. Const. ("no cause shall be dismissed because an improper remedy has been sought")); *Aswell v. State*, 310 So. 3d 983, 984 (Fla. 2d DCA 2020) (finding postconviction court should have treated defendant's rule 1.540 motion for relief as rule 3.850 motion). As the Florida Supreme Court instructed, "rule 1.540 applies only to civil causes, not to collateral claims associated with a criminal conviction."

4

*Steinhorst*, 636 So. 2d at 500.  Rule 3.850 was applicable because, as the supreme court explained in *Saucer*, a postconviction proceeding is considered civil in nature only because "it is being brought by a private citizen seeking judicial relief" rather than by the State alleging a criminal offense. *Saucer*, 779 So. 2d at 262-63.  The criminal rules of procedure govern proceedings under rule 3.850. Fla. R. Crim. P. 3.010.

Second, since rule 1.540 did not apply, the postconviction court erred in applying the one-year time limit in rule 1.540 to Caraballo's motion.  The lower court should have applied rule 3.850, and although rule 3.850(b) imposes a two-year time limit after a judgment becomes final, that time limit does not apply when the facts upon which a claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence. Fla. R. Crim P. 3.850(b)(1).  In such a case, the claim must be brought within two years of the time the new facts were or could have been discovered with the exercise of due diligence.[3] Fla. R. Crim P. 3.850(b)(1).

Because this was Caraballo's second rule 3.850 motion, upon remand, it must also be considered as a successive motion under rule 3.850(h).  As a successive motion, the postconviction court may dismiss the motion if it

---

[3] We take no position on whether the allegations made in Caraballo's motion establish his trial counsel committed fraud on the court.

5

> fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds [were] alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion.

Fla. R. Crim. P. 3.850(h). Under the circumstances of this case, this court is unable to make these determinations in the first instance. As with any motion under rule 3.850, the procedures of rule 3.850(f) should be followed.

Accordingly, we reverse and remand for the lower court to consider Caraballo's motion pursuant to rule 3.850.

REVERSED and REMANDED.

SMITH and BROWNLEE, JJ., concur.


Daniel Winchester Ripley, of Ripley Whisenhunt, PLLC, Pinellas Park, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca Rock McGuigan and Richard Alexander Pallas, Jr., Assistant Attorneys General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED